**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 14, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

IN RE: JACK GINDI, member, IPS,
LLC (Mgr.), officer, director,
shareholder Gindi Austin II, Inc.,
officer, director, shareholder Gindi
Enterprises, Inc., partner, Auto Plasa,
LLLP, officer, director, shareholder
Morton Edwards Management, Inc.,
officer, director, shareholder Income
Property Special, LLC (Mgr.),
member, IPS Aquisitions, LLC (Mgr.),
member, IPS Holdings, LLC (Mgr.),
member, IPS Principle Fund, LLC
(Mgr.), member IPS Development,
LLC (Mgr.) member, IPSMMI, LLC
(Mgr.), member, IPSMMIII, LLC
(Mgr.), officer, director , shareholder
JRG. LLC (Mgr.), officer, director,
shareholder MG Real Estate, LLC
(Mgr.), officer, director, shareholder
ROI Comm. Real Estate, LLC (Mgr.),
officer, director, shareholder Timbers
Completion Fund, LLC (Mgr.),
formerly officer, director, shareholder
WRPCCC Owners ASSN. (Mgr.),
partner, 1431 Pearl, LLLP(Gp),
partner, Austin Investor Interests,
LLLP (Gp), partner, Franklin Town
Homes, LLLP (Gp), officer, director,
shareholder Gindi Austin I, Inc.,
officer, director shareholder H&G
Investments, LLC (Mgr.), partner,
Humboldt Town Homes, LLLP(Gp),
officer, director, shareholder
IPSMMII, LLC (Mgr),

Debtor,

_____

ANDREAS CHIZZALI,

Appellant,

v.

No. 10-1186

JACK GINDI and BANK OF THE
WEST,

Appellees.

**APPEAL FROM THE UNITED STATES BANKRUPTCY APPELLATE
PANEL OF THE TENTH CIRCUIT
(BAP NO. CO-09-068)
(Bankr. No. 09-24436-MER)**

Craig A. Weinberg of Stevens, Littman, Biddison, Tharp & Weinberg, LLC,
Boulder, Colorado, for Appellant.

Annie Caitlin Howe (Gregory L. Williams on the brief) of Markus Williams
Young & Zimmerman LLC, Denver, Colorado, for Appellee, Bank of the West.

Cynthia T. Kennedy of Kennedy & Kennedy, P.C., Lafayette, Colorado, for
Appellee, Jack Gindi.

Before **LUCERO**, **EBEL**, and **HARTZ**, Circuit Judges.

**HARTZ**, Circuit Judge.

Jack Gindi filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code while the Colorado Court of Appeals was considering two appeals arising out of a lawsuit brought against him by Andreas Chizzali, his former partner in two companies. The bankruptcy court refused to lift the automatic stay to permit further proceedings regarding the two issues raised by Chizzali in his appeal; but it ruled that the automatic stay did not apply to Gindi's separate appeal. The Tenth Circuit Bankruptcy Appellate Panel (BAP) affirmed and Chizzali timely appealed to this court. We affirm except that we hold that Chizzali was entitled to relief from the stay on one of his issues before the Colorado appellate court.

## I. BACKGROUND

Chizzali sued Gindi in Colorado state court to resolve their respective liabilities incurred in their business ventures. In September 2007 they reached a settlement on several issues and agreed to submit the remaining disputes to binding arbitration. But matters did not proceed smoothly. The following January Chizzali filed a motion with the court complaining that Gindi had not performed as promised, and the court issued an order requiring Gindi to pay Chizzali $328,070.30 within 30 days. Gindi did not comply with the order. On Gindi's motion, however, the state court decided that it should have simply entered a judgment for the amount due, rather than ordering payment, so it vacated the order and entered a judgment. Chizzali then moved the court to hold

Gindi in contempt for not obeying the order while it was in effect. The court issued what it termed a "contempt citation," which required Gindi to show cause why he should not be held in contempt. But after an evidentiary hearing in July 2008, the court dismissed the citation. This dismissal was one of the issues later raised by Chizzali in his appeal to the Colorado Court of Appeals.

Meanwhile, in May 2008 Chizzali had sought to collect on his judgment by serving a writ of garnishment on Bank of the West, where Gindi had an account with a balance of $263,856.75. When the bank did not serve a timely answer to the writ, the court clerk entered a default. But on the bank's motion the state court set aside the entry of default in August 2008, ruling that the bank's failure to file a timely response was excusable neglect and that it had raised a meritorious defense because it claimed that it was entitled to set off the amount in Gindi's account against Gindi's obligation to the bank on a "$1 million letter of credit that was fully matured, past due and in default." Aplt. App. at 20. Chizzali's challenge to the state court's setting aside the entry of default is the second issue in his appeal to the Colorado Court of Appeals.

Chizzali had greater success in the arbitration. The arbitrator awarded him $2.16 million; and the state court affirmed the award and entered judgment against Gindi in July 2008. Chizzali's effort to stay Gindi's appeal of that judgment presents the final issue before us.

On July 20, 2009, while the appeals by Chizzali and Gindi were still pending, Gindi filed in the United States Bankruptcy Court for the District of Colorado a voluntary petition under Chapter 11 of the Bankruptcy Code. Chizzali sought relief from the automatic stay to pursue his appeal in the Colorado Court of Appeals. Although acknowledging that the automatic stay would apply to a civil-contempt proceeding, he argued that his appeal concerned *criminal* contempt, and noted that criminal proceedings are exempt from the stay. He also argued two grounds why the bankruptcy court should lift the stay of his appeal of the state court's setting aside the entry of default against Bank of the West: first, under 11 U.S.C. § 362(d)(1) he had shown cause to lift the stay, and second, under § 362(d)(2) he had shown that Gindi had no equity in the bank account. The bankruptcy court rejected Chizzali's arguments and refused to lift the stay. Gindi, however, successfully argued that the stay did not apply to his appeal of the judgment against him.

Chizzali appealed to the BAP the adverse decisions regarding the automatic stay. The BAP affirmed the bankruptcy court, and Chizzali filed a timely appeal in this court. We affirm in part and reverse and remand in part. (1) We hold that the automatic stay applied to Chizzali's appeal of the state court's refusal to hold Gindi in contempt. Insofar as the trial court's proceeding was for criminal contempt, Chizzali could not have appealed the trial court's decision, so the appeal must relate only to the refusal to hold Gindi in civil contempt. (2) We

-5-

hold that Chizzali did not show cause under § 362(d)(1) to lift the stay of his state-court appeal of the entry-of-default issue because he failed to show a likelihood of succeeding on that appeal. But (3) we hold that Chizzali established the right to have the stay on that issue lifted under § 362(d)(2) because he showed that Gindi had no equity in his Bank of the West account, and Gindi failed to show that the money in the account was necessary to an effective reorganization under Chapter 11. Finally, (4) we follow this circuit's precedent that the automatic stay does not apply to a debtor's appeal of a judgment in a suit against the debtor. We therefore affirm the lower courts' decision that Gindi could proceed with his appeal, although we caution that our precedent rests on a shaky foundation.

## II.    DISCUSSION

### A.    The Automatic Stay

The automatic stay is created by 11 U.S.C. § 362. As we have stated, it:

> "is the central provision of the Bankruptcy Code. When a debtor files for bankruptcy, section 362 prevents creditors from taking further action against him except through the bankruptcy court. The stay protects debtors from harassment and also ensures that the debtor's assets can be distributed in an orderly fashion, thus preserving the interests of the creditors as a group."

*In re Johnson*, 575 F.3d 1079, 1083 (10th Cir. 2009) (quoting *Price v. Rochford*, 947 F.2d 829, 831 (7th Cir. 1991)). The scope of the stay is broad, encompassing "almost any type of formal or informal action taken against the debtor or the

-6-

property of the [bankruptcy] estate." 3 Collier on Bankruptcy ¶ 362.03 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2010). But the reach of the stay is not unlimited. Excepted from the stay are a number of specific actions, such as certain domestic-relations matters and professional-license proceedings. *See* 11 U.S.C. § 362(b); *see generally* 3 Collier on Bankruptcy, *supra* ¶ 362.05. Relevant to this appeal, the stay does not apply to criminal proceedings against the debtor. *See* 11 U.S.C. § 362(b)(1); 3 Collier on Bankruptcy, *supra* ¶ 362.05[1]. And even when the stay applies, 11 U.S.C. § 362(d) sets forth various circumstances in which a party may seek relief from the stay. The provisions relevant here are § 362(d)(1), under which "[r]elief from the stay must be granted upon a showing of cause," 3 Collier on Bankruptcy, *supra* ¶ 362.07[3], and § 362(d)(2), under which a stay of an act against property may be lifted "when the debtor has no equity in the property and the property is not necessary for an effective reorganization." *Id.* ¶ 362.07[4].

We now proceed to address Chizzali's specific challenges to the rulings on the automatic stay by the BAP and the bankruptcy court. "[W]e treat the BAP as a subordinate appellate tribunal whose rulings are not entitled to any deference (although they certainly may be persuasive)[;] [w]e review matters of law de novo, and with respect to factual findings (which are made only by the bankruptcy court, not the BAP), we review for clear error." *Warren v. Warren* (*In re Warren*), 512 F.3d 1241, 1248 (10th Cir. 2008). Also, some applications of the

law to the facts are reviewed for abuse of discretion. Under the abuse-of-discretion standard of review, however, we still review the law de novo and factual findings for clear error. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).

**B.     The Contempt Proceedings**

Chizzali argues that the automatic stay did not apply to his appeal of the state court's dismissal of the contempt citation against Gindi. He relies on 11 U.S.C. § 362(b)(1), which states: "The filing of a petition under [the Bankruptcy Code] . . . does not operate as a stay . . . under [§ 362(a)], of the commencement or continuation of a criminal action or proceeding against the debtor." We reject the argument because his appeal is not the continuation of a criminal action or proceeding.

A contempt proceeding may be either criminal or civil. *See FTC v. Kuykendall*, 371 F.3d 745, 751–52 (10th Cir. 2004). Because civil-contempt proceedings are, by definition, not criminal in nature, they are ordinarily stayed by § 362(a). *See In re Wiley*, 315 B.R. 682, 687 (Bankr. E.D. La. 2004). Our task, therefore, is to determine whether Chizzali's appeal is a continuation of a criminal-contempt proceeding or of a civil-contempt proceeding. The Supreme Court has explained:

> [W]hether a contempt is civil or criminal turns on the character and purpose of the sanction involved. Thus, a contempt sanction is considered civil if it is remedial, and for the benefit of the

-8-

> complainant.  But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court.

*Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827–28 (1994) (internal quotation marks omitted).  Resolving the nature of the contempt can be difficult.

In this case, however, we need not determine the precise nature of the trial-court contempt proceeding that Chizzali initiated against Gindi.  It may have been criminal, civil, or both; but after the trial court held an evidentiary hearing and dismissed the citation, any criminal proceeding could not be pursued on Chizzali's state-court appeal.  Insofar as the proceeding was criminal, jeopardy had attached once Gindi testified at the contempt hearing.  *See United States v. Raymer*, 941 F.2d 1031, 1038 (10th Cir. 1991) ("[I]n a bench trial, jeopardy attaches when the first witness is sworn.").  And the dismissal of the citation amounted to an acquittal.  *See United States v. Scott*, 437 U.S. 82, 97–98 (1978).  Under the Fifth Amendment's Double Jeopardy Clause, appeal of an acquittal is barred.  *See id*; *United States v. Dixon*, 509 U.S. 688, 695–96 (1993) (Double Jeopardy Clause applies to nonsummary contempt proceedings in the same manner as it does to any other criminal prosecution); *United States v. Lynch*, 162 F.3d 732, 735 (2d Cir. 1998) (government's appeal of district court's acquittal of criminal contempt would constitute double jeopardy).  Chizzali's appeal of the refusal to find Gindi in contempt must therefore be restricted to a challenge to the

denial of civil-contempt sanctions. Accordingly, the appeal was not excepted from the automatic stay by § 362(b)(1).

## C. The Garnishment Proceedings

Chizzali contends that under both 11 U.S.C. § 362(d)(1) and (2) he should have been granted relief from the automatic stay so that he could pursue his state appeal of the state trial court's decision to set aside the entry of default against Bank of the West. Section 362(d) states in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if--
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization[.]

"The decision . . . whether to lift the stay is committed to the discretion of the judge presiding over the bankruptcy proceedings, and we review such decision [for an] abuse of discretion." *Pursifull v. Eakin*, 814 F.2d 1501, 1504 (10th Cir. 1987). We first consider Chizzali's argument under paragraph (d)(1), and, finding it wanting, then turn to his more persuasive argument under (d)(2).

### 1. Section 362(d)(1)

-10-

Under 11 U.S.C. § 362(d)(1) a party in interest may obtain relief from the stay by showing "cause." *See In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1285 (2d Cir. 1990) (party seeking relief from stay has burden of showing cause). "Because there is no clear definition of what constitutes 'cause,' discretionary relief from the stay must be determined on a case by case basis." *Pursifull*, 814 F.2d at 1506 (internal quotation marks omitted). Neither in *Pursifull* nor elsewhere have we set forth a precise framework or exhaustive set of factors for analyzing whether cause exists.

We do not attempt to do so now. But we do identify one factor that can be dispositive in determining whether a party can successfully move for relief from the automatic stay under § 362(d)(1)—namely, the likelihood that the movant would prevail in the litigation if the stay were lifted. This factor appears in one commonly employed test for assessing motions to lift a stay under § 362(d)(1). That test, which Chizzali himself endorsed in his motion for relief in the bankruptcy court, calls on the court to consider whether:

> a) [a]ny "great prejudice" to either the bankrupt estate or the debtor will result from continuation of a civil suit,
>
> b) the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor, and
>
> c) the creditor has a probability of prevailing on the merits of his case.

*In re Pro Football Weekly, Inc.*, 60 B.R. 824, 826 (N.D. Ill 1986) (brackets and internal quotation marks omitted); *accord, e.g.*, *In re Haines*, 309 B.R. 668, 674–75 (Bankr. D. Mass 2004); *Columbus Bank & Trust Co. v. Caves* (*In re Caves*), 309 B.R. 76, 80 (Bankr. M.D. Ga. 2004); *In re Wright*, 300 B.R. 453, 466 (Bankr. N.D. Ill. 2003) (also considering the good or bad faith of the debtor); *Ain v. Myers* (*In re Ain*), 193 B.R. 41, 47 (Bankr. D. Colo. 1996); *In re Reisor Co., Inc.*, 46 B.R. 290, 291 (Bankr. W.D. La. 1985).

Moreover, we recently endorsed the likelihood-of-success factor in a closely analogous nonbankruptcy context—a motion to lift the stay of litigation imposed by the court in a receivership proceeding.  In *SEC v. Vescor Capital Corp.*, 599 F.3d 1189, 1191–92 (10th Cir. 2010), investors in a company under receivership challenged the district court's decision not to lift its stay of all pending actions relating to property in the receivership estate.  We adopted the following three-factor test:

> "(1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed;
>
> (2) the time in the course of the receivership at which the motion for relief from the stay is made; and
>
> (3) *the merits of the moving party's underlying claim.*"

*Id*. (emphasis added) (quoting *SEC v. Wencke*, 742 F.2d 1230, 1231 (9th Cir. 1984)).  We explained:

-12-

> "[T]he purpose of imposing a stay of litigation is clear. A receiver must be given a chance to do the important job of marshaling and untangling a company's assets without being forced into court by every investor or claimant. Nevertheless, an appropriate escape valve, which allows potential litigants to petition the court for permission to sue, is necessary so that litigants are not denied a day in court during a lengthy stay."

*Id*. at 1196 (quoting *United States v. Acorn Tech. Fund, L.P.*, 429 F.3d 438, 443 (3d Cir. 2005)). Our assessment of the purpose of the stay and the possible countervailing interests would apply in the bankruptcy context as well.

Persuaded by the broad adoption of the likelihood-of-success factor by bankruptcy courts, and following our opinion in *Vescor Capital*, we hold that the bankruptcy court should have lifted the stay under § 362(d)(1) only if Chizzali showed that his appeal was likely to succeed. (We leave for another day whether to adopt an all-inclusive test incorporating other factors.)

This holding dooms Chizzali's argument under § 362(d)(1). The issue that Chizzali seeks to pursue in the Colorado Court of Appeals is the propriety of the state trial court's order setting aside the entry of default against Bank of the West. We see little chance that the Colorado Court of Appeals would reverse that order.

Chizzali served the writ of garnishment on the bank on May 21, 2008. The writ specified that Bank of the West had to answer within 10 days; but since the tenth day was a Saturday, the bank's response was due on Monday, June 2, 2008. *See* C.R.C.P. 6(a) (computation of time). On that date the bank mailed its answer to the court from its Omaha, Nebraska, office. On June 5 Chizzali's attorney was

-13-

told by bank personnel that it had sent its answer to the court, and a bank representative faxed a copy of the answer to Chizzali's attorney early that afternoon. Nevertheless, at 3:44 p.m. on June 5, Chizzali's attorney e-filed a motion for entry of default against the bank. The clerk entered a default on June 6. The bank's answer was not docketed until Monday, June 9, apparently because it did not include a case number or other information that made it readily apparent to which case it belonged.

Before discussing the Colorado rules for setting aside an entry of default, it is worth nothing the limited effect of such an entry in a garnishment proceeding. The clerk's entry of default is not a judgment. Once the default is entered, the judgment creditor must still prove the liability of the garnishee to the judgment debtor. *See id.* 103 § 7(b). In other words, Chizzali would still need to prove that the bank owed money to Gindi, a matter very much in dispute in light of the bank's claim of a right to setoff.

In any event, the bank chose to move to set aside the clerk's entry of default. Under Colorado Rule of Civil Procedure 55(c), "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." The Colorado Supreme Court has applied Rule 60(b) to default judgments by looking to three criteria: "[1] whether the neglect that resulted in entry of judgment by default was excusable"; "[2] whether the moving party has alleged a meritorious

-14-

defense"; and "[3] whether relief from the challenged order would be consistent with equitable considerations such as protection of action taken in reliance on the order and prevention of prejudice by reason of evidence lost or impaired by the passage of time." *Craig v. Rider*, 651 P.2d 397, 402 (Colo. 1982) (citations omitted). Although Colo. R. Civ. P. 55(c) refers to Rule 60(b) only for setting aside a *judgment* of default, the same criteria are considered with respect to an *entry* of default. *See Singh v. Mortensun*, 30 P.3d 853, 855 (Colo. App. 2001). Because Colorado follows "the general rule that resolution of disputes on their merits is favored, [those] requirements should be liberally construed in favor of the . . . party [moving to set aside a default judgment]." *Id*. And they "are even more flexibly applied and liberally interpreted" when used to evaluate a motion to set aside a default. *Id*.

Finding that the bank established all three criteria by clear and convincing evidence, the state trial court ruled that there was good cause to set aside the entry of default. Under Colorado law the court's decision to set aside the entry of default is reviewed for abuse of discretion. *See id.* at 856.

We are confident that the Colorado Court of Appeals would find no abuse of discretion. The second and third criteria were clearly met. The bank alleged a meritorious defense, and there is no evidence of detrimental reliance or other prejudice to Chizzali. The only issue is whether the bank showed excusable neglect. Chizzali focuses on the bank's neglect. Of the existence of neglect there

can be little doubt.  The bank should have prepared a response more promptly, added a proper caption, and used a more prompt means of delivery to the court than ordinary mail.  But all "excusable neglect" is neglect; so the presence of neglect is not determinative.  The issue is whether the neglect is excusable.  Here, we are not dealing with a party who had been, or even should have been, actively involved in ongoing litigation.  The writ of garnishment was the bank's first exposure to the case.  Ten days is not an excessive amount of time for nonlawyers to get their act together in confronting new litigation.

The approach of Colorado appellate courts may be illustrated by *Singh*. The plaintiff in that case sued the defendant for alleging in an internet posting that the plaintiff was a pedophile and child molester.  *Id.* at 854.  When served at his home, the defendant threw the summons and complaint in the street, where it was retrieved by a pedestrian who sent it back to the plaintiff.  When the defendant had not answered after six weeks (the answer was due in a month), the plaintiff obtained an entry of default.  Almost three weeks later, the defendant moved to set the judgment aside.  The motion was denied, but the court of appeals reversed.  *Id*. at 856.  The appellate court said that the defendant had "provided a good faith explanation for his behavior," *id*. at 857—namely, that he was devastated at being sued by someone whom he thought had molested his daughter and he had been advised by an out-of-state attorney that the service had been ineffective, *see id*. at 856.  If it was an abuse of discretion for the trial court in

that case not to find excusable neglect, we doubt that it was an abuse of discretion to find excusable neglect in this case.

We further note that Chizzali has made no showing that if the state court of appeals reversed the trial court and reinstated the clerk's entry of default, he would then be likely to obtain an actual judgment against the bank. Accordingly, the bankruptcy court did not abuse its discretion in denying Chizzali's motion to lift the automatic stay under § 362(d)(1).

### 2. Section 362(d)(2)

Chizzali also argues that the bankruptcy court should have lifted the automatic stay under § 362(d)(2), because he proved that Gindi has no equity in the Bank of the West account and no one has shown that the account is "necessary to an effective reorganization" under Chapter 11. 11 U.S.C. § 362(d)(2)(B); *see id*. § 362(g) (party moving to lift stay has burden of proving that debtor has no equity in the property, while opposing party has burden on all other issues).

A debtor "has no equity in property . . . when the debts secured by liens on the property exceed the value of the property." 3 Collier on Bankruptcy, *supra* ¶ 362.07[4][a]; *Stewart v. Gurley*, 745 F.2d 1194, 1195–96 (9th Cir. 1984); *Jordan v. Kroneberger* (*In re Jordan*), 392 B.R. 428, 447 (Bankr. D. Idaho 2008) ("In the context of stay relief, 'equity' exists if the value of the property exceeds all claims secured by such property, whether those claims belong to the moving creditor or others."); *In re Roxrun Estates, Inc.*, 74 B.R. 997, 1002 (Bankr.

-17-

S.D.N.Y. 1987). Chizzali has satisfied his burden of showing that Gindi has no equity in the funds at Bank of the West. As noted above, the writ of garnishment sought to collect upon a judgment for $328,070.30. Chizzali correctly points out that under Colorado law the service of the writ created a lien in that amount on the funds. *See Moreland v. Alpert*, 124 P.3d 896, 902 (Colo. App. 2005); *Ryan v. Duffield*, 899 P.2d 378, 380 (Colo. App. 1995) ("As a judgment creditor, a garnishor becomes a lien creditor upon service of the writ of garnishment on the garnishee."). This lien alone exceeded the value of the account. And Bank of the West had an even larger secured claim; it "took a setoff from this account in connection with a $1 million letter of credit that was fully matured, past due and in default." Aplt. App. at 20. *See* 11 U.S.C. § 506(a)(1) (setoff is treated as a secured claim).

Accordingly, the stay should have been lifted under § 362(d)(2) unless Gindi or Bank of the West established that the money in the bank account was necessary to an effective reorganization. *See* 11 U.S.C. § 362(g)(2). They had the burden of "not merely showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect*. This means . . . that there must be a reasonable possibility of a successful reorganization within a reasonable time." *United Sav. Assoc. of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375–76 (1988) (internal quotation marks omitted);

-18-

*see* 3 Collier on Bankruptcy, *supra* ¶ 362.07[4][b].  This they failed to do, or even attempt to do, in the bankruptcy court.  Consequently, we must reverse and remand with instructions to order relief from the automatic stay under § 362(d)(2).

### D.      Gindi's State-Court Appeal

Chizzali's final contention on appeal is that the BAP and the bankruptcy court erred in ruling that the automatic stay does not encompass Gindi's appeal to the Colorado Court of Appeals of the judgment against him.  These courts, however, were merely following the command of our decision in *Chaussee v. Lyngholm* (*In re Lyngholm*), 24 F.3d 89 (10th Cir. 1994).  That decision held that the automatic stay does not prevent a Chapter 11 debtor in possession from pursuing an appeal, even if it is an appeal from a creditor's judgment against the debtor.  Although we noted that six other circuits had ruled to the contrary, we relied on the provision in Bankruptcy Rule 6009 stating that "[w]ith or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal."  Fed. R. Bankr. P. 6009.  We also found support in the Collier on Bankruptcy treatise.  *See In re Lyngholm*, 24 F.3d at 92.  Chizzali asks us to overrule *In re Lyngholm*.

The request is a tempting one. All other circuits to consider the issue disagree with us and hold that a bankruptcy filing automatically stays appellate proceedings where the debtor has filed an appeal from a judgment entered in a suit against the debtor. *See* 10 Collier on Bankruptcy, *supra* ¶ 6009.04. In addition to the circuits referenced in *In re Lyngholm*, we note three more: *Platinum Fin. Servs. Corp. v. Byrd* (*In re Byrd*), 357 F.3d 433, 439 (4th Cir. 2004); *Simon v. Navon*, 116 F.3d 1, 3–4 (1st Cir. 1997); and *Sheldon v. Munford, Inc.*, 902 F.2d 7 (7th Cir. 1990). And the treatise that we relied on has explicitly rejected our view. *See* 10 Collier on Bankruptcy, *supra* ¶ 6009.04 n.5 ("[T]he Tenth Circuit's reliance on this treatise was inappropriate."). Ordinarily, we might seek approval from the en banc court to overrule *In re Lyngholm*. *See* *United States v. Bowling*, No. 08-6184, 2009 WL 6854970 n.* (10th Cir. Dec. 23, 2009) (en banc footnote overruling precedent that, contrary to all other circuits, required good-faith jury instruction in fraud prosecutions). In this case, however, the Colorado Court of Appeals has already resolved Gindi's appeal. We have no interest in creating the discord that could result from our now stating that the Colorado Court of Appeals was barred from hearing the matter, particularly when the bankruptcy court may well have lifted the stay if it had thought that the automatic stay applied to Gindi's appeal. We therefore will follow *In re Lyngholm* on this appeal; but the bankruptcy courts in this circuit may wish to rule in the alternative when the issue arises in future cases.

## III.  CONCLUSION

We AFFIRM the denial of Chizzali's motion challenging the automatic stay of his appeal of the state court's dismissal of the contempt proceedings, we AFFIRM the decision to allow Gindi to continue his appeal, and we AFFIRM the denial of Chizzali's motion to lift the stay under § 362(d)(1).  But we REVERSE the denial of Chizzali's motion under § 362(d)(2) to lift the stay of his appeal of the order setting aside the entry of default against Bank of the West and REMAND for entry of an order lifting that stay.