FILED
United States Court of Appeals
Tenth Circuit

November 15, 2011

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TW TELECOM HOLDINGS INC.,

Plaintiff-Appellee,

v.

CAROLINA INTERNET LTD.,

Defendant-Appellant.

No. 11-1068
(D.C. No. 1:10-CV-01799-ZLW-MJW)
(D. Colo.)

---

**ORDER**

---

Before **KELLY**, **GORSUCH**, and **MATHESON**, Circuit Judges.

---

**GORSUCH**, Circuit Judge.

---

Carolina Internet Ltd. appeals from the entry of default judgment against it and in favor of TW Telecom Holdings Inc. for more than three million dollars. During the pendency of this appeal, Carolina Internet filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of North Carolina.

By its terms, § 362 of the Bankruptcy Code automatically stays the commencement or continuation of a judicial proceeding against the debtor that

was or could have been initiated before the filing of a bankruptcy petition.

11 U.S.C. § 362(a)(1).  We recently reiterated this Circuit's interpretation of § 362(a)(1), explaining that "the automatic stay does not prevent a Chapter 11 debtor in possession," like Carolina Internet, "from pursuing an appeal even if it is an appeal from a creditor's judgment against the debtor."  *Chizzali v. Gindi (In re Gindi)*, 642 F.3d 865, 875 (10th Cir. 2011).  *See also Morganroth & Morganroth v. DeLorean*, 213 F.3d 1301, 1310 (10th Cir. 2000); *Mason v. Okla. Tpk. Auth.*, 115 F.3d 1442, 1450 (10th Cir. 1997).  In earlier decisions reaching this conclusion, we relied on Fed. R. Bankr. P. 6009 and Collier on Bankruptcy.  *See Chaussee v. Lyngholm (In re Lyngholm)*, 24 F.3d 89, 92 (10th Cir. 1994) (citing 8 R. Glen Ayers et al., Collier on Bankruptcy ¶ 6009.03, at 6009-3 (Lawrence P. King ed. 1994)); *Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1485-86 (10th Cir. 1993) (citing 8 Collier on Bankruptcy ¶ 6009.03 & n.7, at 6009-3 (15th ed. 1992)).

At least nine other circuit courts of appeals disagree with our interpretation of § 362(a)(1) and have held "that a bankruptcy filing automatically stays appellate proceedings where the debtor has filed an appeal from a judgment entered in a suit against the debtor."  *In re Gindi*, 642 F.3d at 876 (collecting cases from three circuits); *In re Lyngholm*, 24 F.3d at 91 (collecting cases from

six other circuits).[1]  Further, Collier on Bankruptcy has explicitly rejected our

reliance on it to support our minority position.  10 Collier on Bankruptcy

¶ 6009.04 n.5 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011) ("Both

[*In re Lyngholm* and *Autoskill Inc.*] relied upon an earlier edition of this treatise

to support this minority position.  However, the reference in the prior edition to

'continued prosecution of actions' was a reference only to actions in which the

debtor was the plaintiff, actions not governed by Code section 362(a)(1).  Because

the reference was not to appeals of cases in which the debtor was a defendant, the

Tenth Circuit's reliance on this treatise was inappropriate.").  And finally, it

should be self-evident that Bankruptcy "Rule 6009 does not trump the code's

automatic stay."  *Simon v. Navon*, 116 F.3d 1, 4 (1st Cir. 1997) (internal quotation

marks omitted); *Parker v. Bain*, 68 F.3d 1131, 1136 (9th Cir. 1995) (holding "that

Rule 6009 does not authorize proceedings that section 362 would otherwise bar").

Accordingly, we overrule this circuit's prior interpretation of § 362(a)(1),

as stated in *In re Gindi*, 642 F.3d at 870, 875-76; *Morganroth & Morganroth*,

213 F.3d at 1310; *Mason*, 115 F.3d at 1450; *In re Lyngholm*, 24 F.3d at 91-92;

---

[1]      *See, e.g., Platinum Fin. Servs. Corp. v. Byrd (In re Byrd)*, 357 F.3d 433,
439 (4th Cir. 2004) ("The plain language of Section 362 stays appellate
proceedings in actions originally brought against the debtor, even when it is the
debtor who files the appeal."); *Farley v. Henson*, 2 F.3d 273, 275 (8th Cir. 1993)
("[A]n appeal brought by a debtor from a judgment obtained against it as a
defendant is subject to the automatic stay.").

and *Autoskill Inc.*, 994 F.2d at 1485-86.  From this date forward, this Circuit will read

> section 362 . . . to stay all appeals in proceedings that were *originally brought* against the debtor, regardless of whether the debtor is the appellant or appellee.  Thus, whether a case is subject to the automatic stay must be determined at its inception.  That determination should not change depending on the particular stage of the litigation at which the filing of the petition in bankruptcy occurs.

*Ass'n of St. Croix Condo. Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 449 (3d Cir. 1982).[2]

Accordingly, we hold that § 362(a)(1) prevents us from proceeding with this appeal.  It is therefore STAYED until such time as it may proceed in a manner consistent with the Bankruptcy Code.[3]

---

[2]    We have circulated this order to the en banc court, which unanimously agrees to overrule our prior interpretation of 11 U.S.C. § 362(a)(1), and to join our sister circuits' majority view.  *See United States v. Payne*, 644 F.3d 1111, 1113 n.2 (10th Cir. 2011) (observing that a panel may overrule circuit precedent if the en banc court unanimously agrees to do so).

[3]    Because we are staying this action, we express no view regarding its merits.