**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ELSA ANCHONDO, on behalf of herself
and all others similarly situated,

      Plaintiff-Counter-
      Defendant-Appellee,

v.

STEVEN RICHARD DUNN; THOMAS
BACKAL,

      Appellants,

and

ANDERSON, CRENSHAW and
ASSOCIATES, L.L.C.,

      Defendant.

No. 12-2002
(D.C. No. 1:08-CV-00202-RB-WPL)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Steven Dunn is a lawyer who defended Anderson, Crenshaw and Associates, L.L.C. (ACA) in a class action under the Fair Debt Collection Practices Act (FDCPA). When the litigation finally settled, the court awarded the plaintiff, Elsa Anchondo, her fees and costs. But ACA was unable to pay those fees and costs — indeed, it is now bankrupt — and ACA's insurer refused to cover the loss because ACA failed to file a timely claim. After hearing evidence from the parties, the district court found that Mr. Dunn and Thomas Backal, ACA's president and chief operating officer, acted in bad faith to deprive Ms. Anchondo of a potential recovery from the insurer. As sanction for their litigation misconduct, the court ordered Mr. Dunn and Mr. Backal to pay Ms. Anchondo and her counsel the damages and fees owed by ACA plus the costs incurred in litigating this matter.

More specifically, the district court found that Mr. Dunn and Mr. Backal knew ACA had a professional liability policy sufficient to cover the amounts owed to Ms. Anchondo; that the pair acted in bad faith in failing to disclose (indeed, denying) the existence of this coverage despite appropriate requests during the discovery process; that the pair acted in bad faith in failing to file a timely claim on the policy; and that Mr. Dunn's special relationship with ACA and his participation in the scheme made it appropriate to hold him jointly liable with Mr. Backal. The court considered lesser sanctions but, noting repeated misconduct by Mr. Dunn and Mr. Backal and their defiance of earlier court-ordered sanctions, concluded that its

"monetary sanction is the least available sanction to adequately compensate the Plaintiff, punish Dunn and Backal, and deter similar misconduct." Aplt. App. at 6.

The power of a district court to sanction bad faith litigation tactics is well settled. *See, e.g., Morganroth & Morganroth v. DeLorean*, 213 F.3d 1301, 1317 (10th Cir. 2000), *overruled on other grounds by TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir. 2011). Still, Mr. Dunn says, the district court erred when it rejected his innocent explanation for events and his assurance that he never intended to hide insurance information from the plaintiff. Mr. Dunn, however, offered different and conflicting excuses for failing to reveal the existence of insurance during discovery, and a finder of fact is ordinarily free to find such inconsistencies undermine a witness's credibility. *Wessel v. City of Albuquerque*, 463 F.3d 1138, 1145 (10th Cir. 2006) ("We give the district court's determinations regarding the credibility of witnesses great deference.").

Mr. Dunn replies that, at the least, the district court went astray by resting its sanctions award *solely* on its disbelief of Mr. Dunn's and Mr. Backal's testimony. And this, he says, violates the rule that "discredited testimony is not considered a sufficient basis for drawing a contrary conclusion" that they acted in bad faith. *Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 512 (1984). But as it happens the district court cited a number of facts supporting its decision beyond its disbelief of Mr. Dunn's and Mr. Backal's explanations for their conduct. The court relied on the fact that ACA had professional liability coverage for suits arising from its

- 3 -

wrongful acts; that Mr. Dunn and Mr. Backal knew this; and that during discovery Mr. Dunn failed to turn over documents reflecting insurance applicable to the suit; and that the pair allowed the period for filing a timely claim to lapse. All these facts, quite apart from and in addition to the court's disbelief of Mr. Dunn's and Mr. Backal's testimony, contributed to its inference of bad faith.

Separately, Mr. Dunn challenges the district court's finding that his relationship with ACA exceeded that of a normal attorney-client relationship. But the evidence demonstrates a peculiarly close relationship between Mr. Dunn and Mr. Backal. Mr. Dunn was a signatory on ACA bank accounts; accounts show him to be a manager of ACA; Mr. Dunn was a managing officer of two corporations with Mr. Backal; and Mr. Dunn located his law office at ACA's offices until ACA went out of business. In these circumstances, we cannot say the district court's finding of a particularly special and close relationship was clearly wrong. Neither do we understand Mr. Dunn to attack the district court's legal premise that an attorney with these sorts of close ties to a client might be held jointly responsible for a client's misdeeds in which he actively participated.

None of Mr. Dunn's remaining arguments is any more persuasive than these and the district court's judgment with respect to him is affirmed. For her part, Ms. Anchondo requests attorney fees and costs with respect to Mr. Dunn's appeal under the FDCPA's fee-shifting provision, 15 U.S.C. § 1692k(a)(3). Mr. Dunn has not opposed this request. Accordingly, we grant the request and remand the matter to

- 4 -

the district court to determine an appropriate amount. *See Anchondo v. Anderson, Crenshaw & Assoc., L.L.C.*, 616 F.3d 1098, 1107 (10th Cir. 2010). Pursuant to this court's earlier order, Mr. Backal's appeal remains stayed as a result of his personal bankruptcy proceedings. Therefore, that portion of the appeal remains abated and judgment shall not issue with respect to Mr. Backal.

Entered for the Court

Neil M. Gorsuch
Circuit Judge