NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-4097
_____

IN RE: PROMMIS HOLDINGS, LLC,

Debtors

EDWARD C. TIDWELL,

Appellant

v.

JPMORGAN CHASE BANK, N.A.; CHASE HOME FINANCE LLC; U.S. BANK
NATIONAL ASSOCIATION; HOMESALES, INC.; PROMMIS HOLDINGS, LLC;
CAL-WESTERN RECONVEYANCE CORPORATION; EC CLOSING CORP.; CAL-
WESTERN RECONVEYANCE LLC; CAL-WESTERN RECONVEYANCE CORP.,
D/B/A CAL-WESTERN FORECLOSURE SERVICES; FIRST AMERICAN TITLE
INSURANCE COMPANY; DOES 1 THROUGH 10, INCLUSIVE
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1:15-cv-00704)
District Judge: Honorable Gregory M. Sleet
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 9, 2016
Before: AMBRO, KRAUSE and NYGAARD, Circuit Judges

(Opinion filed: December 20, 2016)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Pro se appellant Edward C. Tidwell ("Tidwell") appeals from the judgment of the United States District Court for the District of Delaware in his bankruptcy adversary proceeding. We will affirm the District Court's dismissal.

I.

Tidwell, a resident of Antioch, California, attempted to intervene in a Chapter 11 proceeding in the District Court of Delaware, and filed an adversary case relating to that proceeding. His complaint in the adversary case was based on the 2011 foreclosure of his Antioch home, and he sought damages, restitution, and injunctive relief, including orders that would convey him good title of his Antioch home, declare the defendants had engaged in fraud and misrepresentation, and require the defendants to make efforts to restore Tidwell's credit to "its previous standing." The named defendants, JPMorgan Chase Bank and Chase Home Finance, LLC ("Appellees"), filed a motion to dismiss, which Tidwell opposed. In July 2015, the Bankruptcy Court granted the motion, determining that it lacked authority to hear his case because it did not have jurisdiction arising under, arising in, or relating to Title 11. Tidwell timely appealed to the District Court.

In late October 2015, Appellees filed a motion asking the District Court to direct Tidwell to pay the filing fees and to serve his statement of issues on appeal under Fed. R. Bankr. P. 8009(a), or, alternatively, to dismiss the appeal for lack of prosecution. They noted that Tidwell had not paid the filing fee or requested a fee waiver under 28 U.S.C. §

_____

constitute binding precedent.

2

1915, and had not timely filed and served his designation of the record and statement of the issues on appeal. On November 30, Tidwell responded that he had been hospitalized until August 29, and had left Antioch on October 21, only returning in November. He stated that because of his mental health condition and medical disability, he had not had the energy to meet his filing deadline, and requested that the District Court not dismiss the appeal. He did not pay the filing fee, request a waiver under § 1915, file an opening brief, or file and serve his designation of the record and statement of issues on appeal, however. On December 14, 2015, after applying the factors referenced in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), the District Court dismissed the appeal for lack of prosecution. Tidwell timely appealed. While his appeal was pending, Tidwell sought injunctive relief, which we denied. During the pendency of this appeal, Tidwell filed a Chapter 7 bankruptcy petition.

II.

The District Court had jurisdiction pursuant to 28 U.S.C. 158(a)(1), and we have jurisdiction pursuant to 28 U.S.C. § 158(d)(1) and § 1291.[1] We review the District

---

[1] In response to Tidwell's filing of a suggestion of bankruptcy, the Clerk solicited responses from Tidwell and the appellees. As the appellees indicated in their response, the automatic stay provision of 11 U.S.C. § 362 applies, by its terms, only to proceedings against the debtor. See Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp., 682 F.2d 446, 448-49 (3d Cir. 1982); accord Koolik v. Markowitz, 40 F.3d 567, 568-69 (2d Cir. 1994); TW Telecom Holdings Inc. v. Carolina Internet Ltd., 661 F.3d 495, 497, 497 n.2 (10th Cir. 2011); Crosby v. Monroe Cty., 394 F.3d 1328, 1331 n.2 (11th Cir. 2004) (collecting cases). When determining whether a specific proceeding falls under § 362, a Court must look "at its inception." Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1204 (3d Cir. 1991). Notably, "the dispositive question is

Court's dismissal of Tidwell's appeal for failure to prosecute for abuse of discretion. See Poulis, 747 F.2d at 868. In Poulis, we outlined several factors that guide a District Court's exercise of discretion when deciding whether to dismiss a case with prejudice as a sanction. 747 F.2d at 867-70.

Unfortunately, even generously construed, Tidwell's brief does not address the District Court's dismissal, but argues instead that the Bankruptcy Court erred. Accordingly, Tidwell has waived the only issues presented by his appeal. See United States v. Menendez, 831 F.3d 155, 175 (3d Cir. 2016) (quotation omitted) (noting that where an issue is not briefed in the argument section, appellant has abandoned it).

In any event, we perceive no abuse of discretion in the District Court's dismissal. The District Court explicitly balanced the six Poulis factors, considering: (1) the extent of Tidwell's personal responsibility; (2) "the prejudice to [Appellees] caused by the failure to meet scheduling orders and respond to discovery;" (3) Tidwell's history of dilatoriness; (4) whether Tidwell's conduct "was willful or in bad faith;" (5) "the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Poulis, 747 F.2d at 868 (emphasis omitted). As the District Court's analysis recognized, no one factor is dispositive, and not all of the Poulis factors need to be satisfied before a complaint may

---

whether a proceeding was '*originally brought*' against the debtor.'" Id. (quoting St. Croix, 682 F.3d at 449). Here, Tidwell intervened in the Chapter 11 proceeding, and so the proceeding was not "originally brought against him." Accordingly, we may decide the merits of his appeal.

4

be dismissed.  See In re Asbestos Prods. Liab. Litig. (No. VI), 718 F.3d 236, 246 (3d Cir. 2013).

We generally agree with the District Court's weighing of the Poulis factors.  The District Court correctly noted that, under this Court's precedent, as a pro se litigant, Tidwell was personally responsible for his actions.  See Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002).  Although sympathetic to Tidwell's health issues, the District Court correctly concluded that Appellees had been prejudiced because Tidwell had not advanced the appeal for four months, and had been unable to address the merits of the case due to his failure to identify issues or the record.  It further noted that Appellees had incurred the expense of filing the motion to compel or dismiss.

Regarding the third factor, the District Court reasonably found that Tidwell had a history of dilatoriness.  Specifically, he had not paid or sought a waiver of the filing fee, filed any of the documents required by the Bankruptcy rules, or even sought an extension of time.  With respect to the fourth factor, the District Court found that Tidwell's conduct was not willful or in bad faith, due to his health issues.  Turning to the fifth factor, see, e.g., Knoll v. City of Allentown, 707 F.3d 406, 408 (3d Cir. 2013) (noting that dismissal should be a "last resort"), the District Court considered monetary sanctions as an alternative to dismissal, but appropriately determined that because Tidwell had pleaded poverty and was proceeding pro se, monetary sanctions would not be an effective alternative to dismissal.  Finally, the District Court justifiably determined that the sixth

5

factor, the merits of the case, weighed against Tidwell, as the Bankruptcy Court had determined that it had lacked jurisdiction to hear his claims.[2]

After the parties filed their merits briefs, Tidwell filed a number of motions. We deny all of those pending motions, including Tidwell's request for PACER fee exemptions. See 28 U.S.C. § 1914, Electronic Public Access Fee Schedule, (9).[3]

We will affirm the District Court's judgment.

---

[2] Tidwell's action was wholly meritless – his adversary proceeding did not arise under or in Title 11 and was not related to the underlying Title 11 cases. See Stoe v. Flaherty, 436 F.3d 209, 216-17 (3d Cir. 2006); see also In re Ortiz, 665 F.3d 906 (7th Cir. 2011).

[3] Tidwell also requests that we grant a PACER exemption in another appeal; we will enter an appropriate order in that case.