VIVIAN H. DEARDEN, Appellant *v.* ALBERT D. GALLI, Respondent.

No. 3772

May 5, 1954.        269 P.2d 1014.

See also 70 Nev........., 277 P.2d 381.

*Stewart, Cannon & Hanson* and *Ernest F. Baldwin, Jr.,* of Salt Lake City, Utah; *Robert R. Gill,* of Ely; *Pike & McLaughlin,* of Reno, for Appellant.

*Gray and Horton,* of Ely, for Respondent.

On Motion to Supply Omissions in Record

*Per Curiam:*

Appellant contends that several instructions to the jury requested by him and refused by the district judge do not appear in the record, and the purpose of his motion is to include these refused instructions so that the asserted error in refusing to give them may be presented in support of his appeal.

A motion was made to the district court to supplement the record in this respect, which motion was denied upon

the ground that the requested instructions had not been filed with the court. In this regard the recollection of the trial judge (which is squarely supported by affidavit of respondent's attorney) appears from the record to be that counsel for appellant was directed by the court to file his requested instructions in order that the proper orders might be endorsed thereon; that counsel stated he wished to put them in proper form and would file them later; that this was never done.

Appellant asserts that the court's conception of the situation was erroneous and that the record supports the proposition that the instructions in fact were presented to the judge; that while no explanation can be made for their absence from the record of the court below, their absence should nevertheless be remedied. Appellant's problem as presented is concerned not with the sufficiency of the record before this court but with the sufficiency of the trial court record. Appellant in effect asserts error by the trial court in refusing to complete its own record, and by this motion to supply omissions in our record asks review of that action. This, we feel, cannot properly be accomplished by this motion. The record before this court correctly and completely represents the state of the trial court's record at this time. It is not, then, subject to correction. O'Briant v. State, 70 Nev. 368, 269 P.2d 276.

Motion denied.