CARSON READY MIX, INC., Appellant, v. FIRST
NATIONAL BANK OF NEVADA, a Nevada Corpo-
ration, and NICK HOLT, Respondents.

No. 10899

October 22, 1981                                    635 P.2d 276

*Sheerin, O'Reilly & Walsh,* Carson City, for Appellant.

*Lionel Sawyer & Collins,* and *Richard Horton* and *Charles
H. McCrea, Jr.,* Reno, for Respondent First National Bank of
Nevada.

*Kenneth J. Jordan,* Carson City, for Respondent Nick Holt.

## OPINION

*Per Curiam:*

Carson Ready Mix, Inc., and its wholly owned subsidiary, Carson Masonry Supply, brought suit against First National Bank of Nevada (FNB) and Nick Holt, the former manager of Carson Masonry Supply, seeking to collect certain funds deposited at FNB's Capital Plaza branch in Carson City. The jury rendered a verdict for defendants, and Carson Ready Mix appeals from the judgment entered upon that verdict.

Appellant contends that the district court erred by failing to give several of its proposed instructions. Respondents assert that appellant failed to preserve for appeal its claims of error as required by NRCP 51.[1]

Appellant asserts that trial counsel did comply with Rule 51 by raising specific objections and citing relevant authority to the court below during a conference in the judge's chambers. Unfortunately, neither the objections nor the citations are included in the record on appeal. When the judge convened court for the purpose of settling the instructions on the record, appellant's counsel did indicate that he objected to the judge's refusal to give certain specific instructions, but did not state the grounds of his objections. In response to a motion to dismiss this appeal, appellant submitted an affidavit by trial counsel describing the conference in the judge's chambers. Counsel for appellant also submitted copies of proposed instructions which did include citations to relevant authority. The proposed instructions contained in the record on appeal do not, however, contain such citations.

Our holdings with regard to the application of NRCP 51 make clear the importance of the record made by counsel in lodging objections. As we noted in Otterbeck v. Lamb, 85 Nev. 456, 460-61, 456 P.2d 855, 858-859 (1969):

> If no objection to an instruction is made, there is no compliance with Rule 51 and the error is not preserved for

---

[1]NRCP 51 provides, in pertinent part:

No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. . . .

appellate consideration. Wagon Wheel v. Mavrogan, [78 Nev. 126, 369 P.2d 688 (1962)]; Hotel Riviera v. Short, [80 Nev. 505, 396 P.2d 855 (1964)]; Shoshone Coca-Cola Bottling Co. v. Dolinski, [82 Nev. 439, 420 P.2d 855 (1966)]. If an objection is so general that it does not state any ground, review will be denied. Lathrop v. Smith, [71 Nev. 274, 288 P.2d 212 (1955)]. If it is merely contended that an instruction is "proper" and should be given, review is precluded unless there is "plain error." Downing v. Marlia, [82 Nev. 294, 417 P.2d 150 (1966)] . . . .

We have therefore held that when the record does not contain the objections or exceptions to instructions given or refused, we would not consider appellant's claim of error with regard to those instructions. Powers v. Johnson, 92 Nev. 609, 555 P.2d 1235 (1976); Shoshone Coca-Cola v. Dolinski, *supra.*

The attempt by appellant's counsel to supply the missing predicate for appellate review by affidavit and by a document not appearing in the record is of no avail. We cannot consider matters not properly appearing in the record on appeal. As this court stated long ago in Alderson v. Gilmore, 13 Nev. 84, 85 (1878), "We have no power to look outside of the record of a case". We have consistently recognized this limitation. *E.g.,* Lewis v. State, 93 Nev. 638, 572 P.2d 211 (1977); Johnstone v. State, 93 Nev. 427, 566 P.2d 1130 (1977); Coffman v. State, 93 Nev. 32, 559 P.2d 828 (1977); Fenkell v. Fenkell, 86 Nev. 397, 469 P.2d 701 (1970); A Minor v. State, 85 Nev. 323, 454 P.2d 895 (1969); Campbell v. Baskin, 68 Nev. 469, 235 P.2d 729 (1951). *See* State of Nevada v. Washoe Co., 7 Nev. 83, 90–91 (1871).

It is the responsibility of appellant to make an adequate appellate record. Greene v. State, 96 Nev. 555, 612 P.2d 686 (1980). The Nevada Rules of Appellate Procedure delineate the proper procedures to be followed for the designation of the record on appeal. Rule 10(c)[2] makes explicit provision for

---

[2]NRAP 10(c) provides:

If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the·respondent, who may serve objections or propose amendments thereto within ten (10) days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the district court for settlement and approval and as settled and approved shall be included by the clerk of the district court in the record on appeal.

the procedure to be followed when no report of proceedings has been made. We have earlier had occasion to note, with regard to a similar failure to follow procedural rules for the correction of an appellate record: " 'If a wrong has been committed the law intends that the party injured shall have a remedy; but where it provides the manner in which relief shall be given, the path pointed out should be followed.' " Johnson v. State, 82 Nev. 338, 340, 418 P.2d 495, 496 (1966), quoting State v. Collyer, 17 Nev. 275, 279, 30 P. 891, 892 (1883). *See also* State v. Hill, 32 Nev. 185, 105 P. 1025 (1909).

Furthermore, the difficulty here is not merely in the failure of the record on appeal to conform to the rules in some technical respect. In essence, the problem lies in the failure of the record made in the court below to reflect fully and accurately what occurred. That defect cannot be corrected here. "This court has no power to alter or amend the record of the lower court." State v. Hunter, 48 Nev. 358, 362, 232 P. 778, 779 (1925). *See* Dearden v. Galli, 70 Nev. 410, 269 P.2d 1014 (1954).

Finally, we note that the source of the problem lies in the practice of holding conferences regarding instructions in judges' chambers and off the record. In view of the need for precision in establishing compliance with NRCP 51 as a prerequisite for appellate review, conferences regarding instructions should be on the record.

Since the record properly before us establishes no error which has been preserved for appellate review, the judgment must be affirmed.

GUNDERSON, C. J., and MANOUKIAN, BATJER, and MOWBRAY, JJ., and CHRISTENSEN, D. J.,[3] concur.

---

[3]The Governor designated the Honorable Carl J. Christensen, Judge of the Eighth Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const. art. 6, § 4.