An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN CRAIN,
Appellant,
vs.
RONALD N. TUTOR; DESERT
PLUMBING & HEATING CO.;
TIMOTHY HANZELY; DERRICK I.
HODSON; PERINI BUILDING
COMPANY; AND MICHAEL PERRY,
Respondents.

No. 59727

**FILED**

APR 1 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order dismissing a tort action for failure to timely effect service of process. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

Appellant filed the underlying complaint in January 2009. Thereafter, he purported to effect service of process on respondents. Respondents did not answer appellant's complaint, and in February 2009, appellant filed a motion for entry of default. See NRCP 55(a). Upon receiving notice of appellant's motion, respondents filed a motion in which they asked that any purported service of process be quashed and that the default be set aside. As grounds for their motion, respondents contended that appellant had not properly effected service of process on any of the respondents. See NRCP 4(d).

In April 2009, the district court granted respondents' motion, effectively leaving appellant's complaint pending on the court's docket without any of the respondents having received service of process. Appellant did not attempt to re-serve any of the respondents. Consequently, in November 2011, the district court entered an order

SUPREME COURT
OF
NEVADA

(O) 1947A

13 - 10865

dismissing appellant's case for failure to timely effect service of process.[1] See NRCP 4(i) (requiring generally the dismissal of a complaint with respect to any defendant who is not served with the summons and complaint within 120 days after the complaint is filed).

This appeal followed. On appeal, appellant contends that his case was dismissed because the presiding judge was biased in favor of respondents. The record demonstrates, however, that the dismissal order was based on appellant's failure to properly effect service of process during the nearly three years that his complaint was pending. See id. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                              Cherry

---

[1]The district court's dismissal order adopted the findings and recommendation of a discovery commissioner, who recommended dismissing the case pursuant to a district court rule that permits dismissal if service of process is not effected within 180 days of when a complaint is filed. See EDCR 1.90(d)(1).

[2]To the extent that appellant attempts on appeal to present claims or facts that were not presented in the proceedings below, we decline to consider them in the first instance. We likewise deny appellant's December 6, 2011, motion to introduce newly discovered information. See Carson Ready Mix v. First Nat'l Bk., 97 Nev. 474, 476, 635 P.2d 276, 277 (1981) ("We cannot consider matters not properly appearing in the record on appeal."); NRAP 10(a) and (b) (indicating that the record on appeal consists of papers and exhibits filed in the district court).

cc: Hon. Jessie Elizabeth Walsh, District Judge
Steven Crain
Nitz Walton & Heaton, Ltd.
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A