An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

EVIER DIAZ PAEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 57488

**FILED**

JUL 2 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction entered pursuant to a jury verdict of attempted murder with the use of a deadly weapon, battery with a deadly weapon not resulting in substantial bodily harm, and first-degree kidnapping. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.[1]

*Conflict of interest*

Appellant Evier Diaz Paez contends that he was deprived of conflict-free counsel in violation of the federal and state constitutions and the Nevada Rules of Professional Conduct. He specifically claims that the justice court should have conducted a conflicts check, the public defender's office should have conducted a timely conflicts check, the district court should have urged the public defender's office to seek written waivers instead of erecting a "Chinese wall," and the district attorney's office should have disclosed the conflict sooner.

---

[1]The Honorable Donald M. Mosley, District Judge, heard argument and ruled on Paez's pretrial motion to allow the deputy public defender to withdraw due to a conflict of interest.

13-21535

"A defendant has a Sixth Amendment right to conflict-free representation." *Daniels v. Woodford*, 428 F.3d 1181, 1196 (9th Cir. 2005). To establish a violation of this right, a defendant "must show that an actual conflict of interest adversely affected his lawyer's performance." *United States v. Moore*, 159 F.3d 1154, 1157 (9th Cir. 1998) (internal quotation marks omitted). "Conflict of interest and divided loyalty situations can take many forms, and whether an actual conflict exists must be evaluated on the specific facts of each case. In general, a conflict exists when an attorney is placed in a situation conducive to divided loyalties." *Clark v. State*, 108 Nev. 324, 326, 831 P.2d 1374, 1376 (1992) (internal quotation marks omitted).

An attorney's duties to current and former clients are governed by the Nevada Rules of Professional Conduct (RPC). Rule 1.7 outlines the duties owed by an attorney to current clients, Rule 1.9 outlines the duties owed by an attorney to former clients, Rule 1.10 outlines the imputation of conflicts, and Rule 1.11(d) subjects current government attorneys to rules 1.7 and 1.9 regarding personal conflicts of interest but does not provide for the imputation of conflicts. The commentary to the ABA Model Rule 1.11 emphasizes that "Rule 1.10 is not applicable to the conflicts of interest addressed by this Rule," and explains that "[b]ecause of the special problems raised by imputation within a government agency, [Rule 1.11(d)] does not impute the conflicts of a lawyer currently serving as an officer or employee of the government to other associated government officers or employees, although ordinarily it will be prudent to screen such lawyers." Model Rules of Prof'l Conduct R. 1.11 cmt. 2 (2013); *see* RPC 1.0A (comments to the ABA Model Rules may be consulted when interpreting and applying Nevada's Rules).

The record reveals that the public defender's office represented Paez's victim in an unrelated matter four years before the instant offense. Paez and the victim were not represented by the same deputy public defenders. The potential conflict was discovered shortly before trial. And the district court heard argument on the conflict, established a "Chinese wall" to protect the victim's privileged information, and denied the deputy public defender's motion to withdraw. Given this record, we conclude that Paez has not demonstrated the existence of an actual conflict, the potential conflict could not be imputed to Paez's deputy public defender, the district court's decision to screen the deputy public defender was a prudent measure, and the late discovery and notice of the potential conflict was of no consequence.[2]

*Perjury*

Paez contends that he was deprived of his constitutional rights when the district court, prosecutor, and defense counsel allowed the victim to present false testimony to the jury. However, Paez did not object to the victim's testimony at trial and the error is not plain from our review of the record. *See Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (reviewing unpreserved claims for plain error). Alternatively, Paez claims that defense counsel was ineffective for failing "to obtain the information and/or confront [the victim] with it." But this claim is not properly raised on appeal. *Archanian v. State*, 122 Nev. 1019, 1036, 145 P.3d 1008, 1020-21 (2006) ("This court has repeatedly declined to consider ineffective-assistance-of-counsel claims on direct appeal unless the district court has

---

[2]The prosecutor's special responsibilities under RPC 3.8(d) are not implicated here because the existence of a potential conflict is not exculpatory evidence or information.

SUPREME COURT
OF
NEVADA

(O) 1947A

3

held an evidentiary hearing on the matter or an evidentiary hearing would be needless.").

*Firearm evidence*

Paez contends that he was deprived of his constitutional rights when he was not allowed to introduce evidence that he did not own a .22 caliber firearm. "We review a district court's decision to admit or exclude evidence for abuse of discretion." *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). During cross-examination, defense counsel asked a police detective whether Paez legally owned two handguns, the State objected, and the district court sustained the objection after a bench conference. The district court made a record of the bench conference, stating that Paez had registered the handguns before he was convicted of a felony and any questions as to why he would not register newly acquired handguns would open the door to evidence of the felony conviction. We conclude from this record that the district court did not abuse its discretion by excluding evidence that Paez had legally owned firearms in the past. *See* NRS 48.035(1).

*Pretrial and in-court identifications*

Paez contends that he was deprived of his constitutional rights when the district court admitted identification evidence because the victim's in-court and out-of-court identifications were based on an unnecessarily suggestive photographic line-up, which was also admitted into evidence. However, Paez did not object to the admission of this evidence and the error is not plain from our review of the record. *See Thompson v. State*, 125 Nev. 807, 813, 221 P.3d 708, 713 (2009) ("A photographic lineup is suggestive if, given the totality of the circumstances, the procedure was so unduly prejudicial as fatally to taint

the defendant's conviction." (internal quotation marks and brackets omitted)); *Valdez*, 124 Nev. at 1190, 196 P.3d at 577 (reviewing unpreserved claims for plain error).

Having concluded that Paez is not entitled to relief, we

ORDER the judgment of conviction AFFIRMED.[3]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Chief Judge, Eighth Judicial District Court
       Hon. Valerie Adair, District Judge
       Travis E. Shetler
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[3]We decline to consider Paez's claims that the public defender's office represented the victim on more than one occasion and that a witness may have made exculpatory statements to the prosecutor prior to the preliminary hearing because these claims do not properly appear in the trial record and were not considered by the district court in the first instance. *See* NRAP 10(a); *Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 1012-13, 103 P.3d 25, 33 (2004); *Carson Ready Mix, Inc. v. First Nat'l Bank*, 97 Nev. 474, 476, 635 P.2d 276, 277 (1981).