An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

GLORIA C. YASOL,
Appellant,
vs.
DONNA GREENHILL; AND LYLE M.
GREENHILL,
Respondents.

No. 63085

**FILED**

MAY 1 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from a district court order imposing a preliminary injunction in a trespass action. Eighth Judicial District Court, Clark County; Adriana Escobar, Judge.

Respondents filed a complaint against appellant, their neighbor, regarding appellant's alleged trespass on respondents' property by placing planters, cinder blocks, and no trespassing signs in a disputed five-foot strip of land between their residences and by preventing repair workers and service persons from accessing the side of respondents' house. The district court later granted respondents' motion for a preliminary injunction over appellant's opposition, finding that respondents had a right to use the disputed five-foot strip and appellant's actions interfered with respondents' use of the strip and were a nuisance. The district court's preliminary injunction ordered appellant to remove the cinder blocks, planters, and no trespassing signs from the disputed five-foot strip. This appeal followed.

Appellant argues that she has a right to place the cinder blocks, planters, and no trespassing signs in the disputed five-foot strip

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15649

and therefore seeks the reversal of the district court's preliminary injunction order. A preliminary injunction may be granted when the moving party can show "(1) a likelihood of success on the merits; and (2) a reasonable probability that the non-moving party's conduct, if allowed to continue, will cause irreparable harm for which compensatory damage is an inadequate remedy." *S.O.C., Inc. v. Mirage Casino-Hotel*, 117 Nev. 403, 408, 23 P.3d 243, 246 (2001). It is within the district court's sound discretion to grant or deny a preliminary injunction, and the district court's decision in this regard "will not be disturbed absent an abuse of discretion or unless it is based on an erroneous legal standard." *Univ. & Cmty. Coll. Sys. v. Nevadans for Sound Gov't,* 120 Nev. 712, 721, 100 P.3d 179, 187 (2004). Having reviewed the documents before us, along with appellant's arguments, we are not persuaded that the district court's issuance of the preliminary injunction at issue here was an abuse of discretion. *See id.*

In addition to challenging the preliminary injunction, appellant also attempts to challenge certain contempt orders issued by the district court subsequent to the grant of the injunction at issue here. These arguments, however, are beyond the scope of our review in this appeal, which is limited to determining whether the district court abused its discretion in issuing the preliminary injunction. *See id.* As a result, we cannot consider those arguments in resolving the matter before us, but appellant may challenge the contempt orders as part of an appeal from a district court final judgment resolving the underlying action. *Consol.*

*Generator-Nevada, Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1312, 971 P.2d 1251, 1256 (1998). Accordingly, for the reasons set forth above, we ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Hardesty

_____, J.                _____, J.
Douglas                                       Cherry

cc:    Hon. Adriana Escobar, District Judge
       Gloria C. Yasol
       Law Offices of Michael F. Bohn, Ltd.
       Eighth District Court Clerk

---

[1]We construe appellant's October 10, 2013, letter as a motion to supplement the record, which we deny. We have received and considered the district court record and exhibits, and cannot consider on appeal any additional evidence that was not provided to the district court. *Carson Ready Mix, Inc. v. First Nat'l Bank of Nev.*, 97 Nev. 474, 476, 635 P.2d 276, 277 (1981) ("We cannot consider matters not properly appearing in the record on appeal.").