An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

GINA G. SOTELO F/K/A GINA G. JENSEN,
Appellant,
vs.
ERIC L. JENSEN,
Respondent.

No. 61835

FILED

SEP 1 6 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court divorce decree. Second Judicial District Court, Family Court Division, Washoe County; Bridget Robb Peck, Judge.

The parties, who were married for ten years and have two children together, were awarded joint legal and physical custody of the children in the divorce decree. Appellant was also awarded spousal support in the amount of $3,500 per month for the first 12 months; $2,500 per month for the next 24 months; and $1,000 per month for an additional 12 months. Further, appellant was awarded $24,292.77 in attorney fees, plus $12,571.10 in expert fees. This appeal followed.

Appellant first challenges the district court's decision to award the parties joint physical custody, when she had requested primary physical custody. Under NRS 125.480(1), when determining child custody, the sole consideration of the court is the child's best interest. Appellant does not cite to any evidence in the record demonstrating that joint physical custody was not in the children's best interests. Further, the record demonstrates that the district court considered the best-interest factors outlined in NRS 125.480(4). Thus, we conclude that the district court did not abuse its discretion in awarding the parties joint physical

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30709

custody. *See Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) (providing that this court reviews a child custody decision for an abuse of discretion).

Appellant next challenges the district court's spousal support award arguing that the court should have awarded a larger amount to reflect Eric's significantly higher income. The record demonstrates that the district court considered the factors outlined in NRS 125.150(8) in calculating the spousal support award and specifically found that the parties were married for ten years and that appellant stopped working to care for the children, but that appellant was of a working-age, was healthy, and according to her previous work experience, had the potential to earn more than respondent within a matter of years. Further, it appears that appellant's request that she receive a larger percentage of respondent's income as spousal support referred to the portion of respondent's income that is his separate property. Thus, we conclude that the district court did not abuse its discretion in fashioning the spousal support award. *Wolff v. Wolff*, 112 Nev. 1355, 1359, 929 P.2d 916, 918-19 (1996) (explaining that this court reviews a spousal support award for an abuse of discretion).

Lastly, appellant challenges the amount of attorney fees she was awarded. The district court awarded appellant attorney fees in accordance with *Sargeant v. Sargeant*, 88 Nev. 223, 227, 495 P.2d 618, 621 (1972), but limited the amount because appellant had unnecessarily increased the litigation costs. Specifically, the court found that appellant refused to take advantage of the professionals respondent made available to assist her and her experts in their search for information regarding respondent's interests in his father's estate and his father's business. As a result, the litigation costs were increased, and in determining the

reasonableness of appellant's attorney fees incurred, the district court limited the amount to reflect that. In doing so, the district court determined what would be a reasonable award under *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 455 P.2d 31 (1969). Thus, we conclude that the district court did not abuse its discretion in calculating the attorney fees award. *See Miller v. Wilfong*, 121 Nev. 619, 623, 119 P.3d 727, 730 (2005) (providing that this court reviews an award of attorney fees for an abuse of discretion). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

[1]We conclude that appellant's additional arguments lack merit.

We direct the clerk of this court to return, unfiled, the proper person documents provisionally received in this court on June 4, 2013, and June 12, 2013. *See Carson Ready Mix, Inc. v. First Nat'l Bank of Nev.*, 97 Nev. 474, 476, 635 P.2d 276, 277 (1981) (providing that this court cannot consider documents that were not part of the district court's record). In resolving this appeal, this court has considered all other proper person documents submitted by appellant except to the extent that appellant submitted documents that were not in the record before the district court. *Id.* Further, to the extent that appellant sought a modification of custody in her July 26, 2013, proper person document, additional attorney fees in her October 11, 2013, proper person document, or compensation for health care costs in her November 25, 2013, proper person document, appellant must seek such relief from the district court in the first instance.

cc:    Hon. Bridget Robb Peck, District Judge
Shawn B. Meador, Settlement Judge
Gina G. Sotelo
Silverman, Decaria & Kattelman, Chtd.
Washoe District Court Clerk