An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| DALE P. AHRENS,<br>Appellant,<br>vs.<br>KELLY J. AHRENS,<br>Respondent. | No. 63147 |

**FILED**

DEC 1 5 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court divorce decree regarding child custody and support. Eighth Judicial District Court, Family Court Division, Clark County; William S. Potter, Judge.[1]

On appeal, appellant first contends that the district court abused its discretion in awarding respondent primary physical custody of the parties' two minor children. Appellant challenges the district court's finding that appellant committed an act of domestic violence and failed to rebut the resulting presumption that joint custody was not in the best interests of the children. Appellant also contends that the district court failed to consider evidence of respondent's health condition.

When determining custody of a minor child in a divorce action the court's sole consideration is the best interest of the child. NRS 125.480(1). In evaluating the child's best interest, the district court must

---

[1]Although respondent is represented by pro bono counsel in this appeal, appellant failed to respond to requests to determine his financial eligibility for pro bono counsel, and thus, he is proceeding without legal representation in the appeal. Accordingly, we have determined that this matter will be decided without oral argument. *See* NRAP 34(f)(3).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-40645

consider the factors enumerated in NRS 125.480(4), including whether a party has engaged in any act of domestic violence, either against the child or the parent of the child. NRS 125.480(4)(k). If the district court determines by clear and convincing evidence that a party has committed domestic violence, there is a rebuttable presumption that joint custody is not in the best interest of the child. NRS 125.480(5).

This court reviews a district court's custody determination for an abuse of discretion, *Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996), and will not set aside the district court's factual findings unless they are clearly erroneous or not supported by substantial evidence. *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009). In this case, the district court considered a letter written by appellant, as well as testimony from both parties, and concluded that appellant was a perpetrator of domestic violence throughout the marriage. This court will not reweigh the credibility of witnesses on appeal, as that duty rests within the trier of fact's sound discretion. *Castle v. Simmons*, 120 Nev. 98, 103, 86 P.3d 1042, 1046 (2004). Having reviewed the record, we conclude that the district court did not abuse its discretion in applying the presumption under NRS 125.480(5) and awarding respondent primary physical custody.[2]

---

[2]Appellant requested a transcript of the evidentiary hearing, but failed to serve the court reporter or pay for the transcripts. NRAP 9(a)(3)(B), (a)(4). Appellant has the burden of providing this court with an adequate appellate record, *see Carson Ready Mix, Inc. v. First Nat'l Bank of Nev.*, 97 Nev. 474, 476, 635 P.2d 276, 277 (1981), and any evidence not provided in the record on appeal is presumed to support the district court's decision. *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007).

Appellant next argues that the district court abused its discretion because it did not order a custody evaluation. Appellant waived this argument, however, because there is no indication from the record that he requested such an evaluation below and he provides no authority that would impose an affirmative duty on a district court to order such an evaluation in this case. *See Wolff v. Wolff,* 112 Nev. 1355, 1363–64, 929 P.2d 916, 921 (1996) (providing that generally an argument not raised below is waived on appeal).

Appellant next argues that his court-ordered child support is improper because he no longer earns the income upon which the support amount is based. Having reviewed the record, we conclude that the district court did not abuse its discretion in calculating the child support award.[3] *See Wallace,* 112 Nev. at 1019, 922 P.2d at 543 (explaining that this court reviews a district court's child support award for an abuse of discretion).

Finally, appellant argues that respondent was obligated to maintain appellant on her health insurance during the divorce proceeding, and her failure to do so caused him to incur medical expenses. The district court found that appellant's lapse in health insurance coverage was largely due to his own neglect or misunderstanding, rather than respondent's fault. Appellant has pointed to no evidence in the record demonstrating otherwise. *See Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.,*

---

[3]We note that a child support award may be modified upon a showing of changed circumstances since the award was made, *see* NRS 125B.145(4), but such a motion must be brought in the first instance in the district court. *See Wolff,* 112 Nev. at 1363–64, 929 P.2d at 921.

123 Nev. 598, 603, 172 P.3d 131, 135 (2007). Thus, we conclude that the district court did not abuse its discretion.

For the reasons discussed above, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Saitta

cc:  Hon. William S. Potter, District Judge, Family Court Division
Dale P. Ahrens
Warm Springs Law Group
Eighth District Court Clerk