An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERTO FRANCESCHI,
Appellant,
vs.
DELINGNY PERNIA,
Respondent.

No. 63655

**FILED**

OCT 2 2 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order dismissing a complaint to establish paternity. Eighth Judicial District Court, Family Court Division, Clark County; Sandra L. Pomrenze, Judge. In dismissing the case, the district court did not follow the procedures specified in NRS Chapter 126. Our review is de novo, *see Pressler v. City of Reno*, 118 Nev. 506, 509, 50 P.3d 1096, 1098 (2002); *In re Challenge to the Candidacy of Candelaria*, 126 Nev. 408, 411, 245 P.3d 518, 520 (2010), and we reverse.[1]

NRS 126.111(1) mandates that the district court "endeavor to resolve [a parentage dispute] by an informal hearing." To that end, "[a]s soon as practicable after an action to declare the existence or nonexistence of the father and child relationship has been brought, an informal hearing must be held." NRS 126.111(2). After affording an opportunity to undergo pretrial blood tests and to gather testimony relevant to paternity, NRS 126.141(1) mandates that the hearing officer, be it the district judge, a master or referee, "evaluate the probability of determining the existence or

---

[1]Oral argument in this case took place before a three-member panel. The case was subsequently transferred to the en banc court pursuant to IOP 13(b).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-32290

nonexistence of the father and child relationship in a trial and whether a judicial declaration of the relationship would be in the best interest of the child." Based on that evaluation, "an appropriate recommendation for settlement *must* be made to the parties."[2] *Id.* (emphasis added). If the parties refuse to accept the district court's settlement recommendation, "the action *must* be set for trial." NRS 126.141(3) (emphasis added).

Here, the district court was advised that another man, Chad Davis, had signed a Voluntary Acknowledgment of Paternity (VAP). The VAP is not part of the record on appeal. Despite Franceschi providing DNA test results ostensibly establishing that Franceschi is the biological father of the child, and despite ordering that both Davis and the child be made parties to the suit, with a guardian ad litem appointed for the child, the district court never proceeded through the steps prescribed in NRS 126.141. Instead, the case was dismissed, without a settlement

---

[2]NRS 126.141(1) states in relevant part:

> On the basis of the [district court's pretrial] evaluation, an appropriate recommendation for settlement *must* be made to the parties, which may include any of the following:
>
> (a) That the action be dismissed with or without prejudice.
>
> (b) That the matter be compromised by an agreement among the alleged father, the mother and the child . . . .
>
> (c) That the alleged father voluntarily acknowledge his paternity of the child.

(Emphasis added).

recommendation or trial or meaningful input from the child's guardian ad litem.

On remand, the district court should ensure that Davis and the child both appear and have the opportunity to be heard. We recognize that NRS 126.101(1) gives the district court discretion whether to join the child as a party and appoint a guardian ad litem for the child. But here, the district court orally ordered Franceschi to "amend his complaint to name the child; name Mr. Davis as an indispensable party and find an independent person, whoever that is, to act as guardian ad litem." Franceschi amended his complaint to add Davis but he did not include the child, and the child did not receive a guardian ad litem until moments before the district court dismissed the case without holding a trial. As a result, meaningful input from Davis and the child, through his guardian ad litem, was not received.

We conclude that the district court erred in dismissing Franceschi's complaint without making a final settlement recommendation and without meaningful participation of all interested parties, including, especially, the child.[3] By dismissing the case as it did,

---

[3]Although we agree with our dissenting colleagues that this case presents an important legal issue, we decline to address the merits of this case because of our concern of the lack of record facts and developed arguments. This court cannot consider matters that do not properly appear in the record on appeal. *See Carson Ready Mix, Inc. v. First Nat'l Bank of Nev.*, 97 Nev. 474, 476, 635 P.2d 276, 277 (1981). We disagree with the dissent's interpretation that DNA proof automatically invalidates the parentage established by the VAP. Would this be the rule if the child was 15 and the VAP had been in place since the child was an infant? Are there limits to this doctrine? The interpretation of this important issue has great implications for the VAP and the child. As such, we find it inappropriate to address the merits of this issue on an incomplete record.

the district court deprived the parties, including Franceschi, of the opportunity to consider settlement and, if appropriate, to refuse the settlement recommendation, which would have required that the matter be set for trial, *see* NRS 126.141(3), with full briefing and argument of the significant legal, factual, and equitable issues potentially involved. Without a complete record, developed with the meaningful participation of all affected persons, it is premature to reach the legal issues on the merits, as those issues may be affected by facts and arguments as yet unknown. For these reasons, the district court's decision to dismiss Franceschi's complaint is hereby reversed and remanded. On remand, the district court must join the child as a party, appoint a guardian ad litem, and process this case in accordance with NRS Chapter 126. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Pickering

cc: Hon. Sandra L. Pomrenze, District Judge, Family Court Division
McFarling Law Group
Schwab Law Group
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

CHERRY, J., SAITTA, J., and GIBBONS, J., concurring in part and dissenting in part:

We concur in part and dissent in part. We agree with the majority that the district court erred in dismissing this paternity case without following the procedures outlined in NRS Chapter 126. However, the majority ignores that the district court dismissed this case based primarily on the legal conclusion that under NRS 126.053 voluntary acknowledgments of paternity (VAPs) control the designation of paternity over court-ordered genetic tests. The majority does not address this issue because the signed VAP is not included in the record. Its concern is misplaced. Despite the absence of the exact VAP at issue in this case, *any* VAP developed pursuant to NRS 440.283 would require anyone signing the form to declare, under penalty of perjury, that the man signing the form is the father of the child. NRS 440.283(1)(a) (directing the Nevada State Board of Health to "[d]evelop a declaration to be signed under penalty of perjury for the voluntary acknowledgment of paternity in this State"). Further any VAP developed pursuant to NRS 440.283 must be subject to invalidation for fraud, duress, or mistake of fact under NRS 126.053(3). NRS 126.053(1) (noting the statute applies to any VAP developed pursuant to NRS 440.283). Thus, the absence of the exact VAP at issue in this case does not preclude this court from addressing the legal question of whether a valid genetic test that creates a conclusive presumption of paternity under NRS 126.051(2) is sufficient to invalidate a signed VAP that has the "same effect as a judgment or order of a court." NRS 126.053(1).

We would reverse and provide further instruction to the district court on how to address the important legal issue that this case presents. That is, what happens when one putative father signed a VAP

at the child's birth, but a genetic test later establishes that a second man is the child's biological father?

*A genetic test establishing that one man is a child's biological father is sufficient evidence to invalidate a second man's VAP*

Under NRS Chapter 126, there are two ways to establish paternity: (1) through statutory presumptions under NRS 126.051, and (2) through a voluntary acknowledgment of paternity under NRS 126.053.

Under NRS 126.051, there are several presumptions for establishing a man's paternity. NRS 126.051(2) states in relevant part:

> A conclusive presumption that a man is the natural father of a child is established if tests for the typing of blood or tests for genetic identification made pursuant to NRS 126.121 show a probability of 99 percent or more that he is the father . . . .

In contrast to NRS 126.051's paternity presumptions, NRS 126.053 creates a mechanism by which a putative father can voluntarily acknowledge his paternity. This is accomplished when the mother and father sign a VAP form after the child's birth. NRS 126.053(1). In signing the VAP form, the mother declares under penalty of perjury that the man signing the form is the only possible father of the child.[1] *See* NRS 440.283(1)(a) (requiring that a VAP "be signed under penalty of perjury"); State of Nev., Declaration of Paternity, Section C, *available at* http://dpbh.nv.gov/uploadedFiles/dpbhnvgov/content/Programs/BirthDeath/Docs/Declaration%20of%20Paternity.pdf (stating that, in signing, the mother declares "under the penalty of perjury that . . . [t]he man signing

---

[1]The parties do not dispute that Davis signed an acknowledgment of paternity, and the district court's order dismissing the case states that dismissal was warranted because Davis "executed an Acknowledgment of Paternity of Application for Birth Certificate at the time of birth."

 

this form is the only possible father of this child"). Signed VAPs "have the same effect as a judgment or order of a court determining the existence of the relationship of parent and child." NRS 126.053(1). A person can rescind his acknowledgment within 60 days of signing. NRS 126.053(2). Outside of 60 days, a VAP can only be "challenged" on "grounds of fraud, duress or material mistake of fact."[2] NRS 126.053(3).

We would conclude that a valid genetic test, which creates a conclusive presumption of paternity under NRS 126.051(2), is grounds for invalidating a VAP executed pursuant to NRS 126.053. Although VAPs act as an adjudication of paternity, NRS 126.053(3) states that VAPs can be challenged and invalidated with a showing of either (1) material mistake of fact or (2) fraud. We would hold that a valid genetic test that gives rise to a conclusive presumption of paternity based on the requirements in NRS 126.051(2) is, in and of itself, sufficient evidence to invalidate a VAP on grounds of either (1) material mistake of fact or (2) fraud, because the mother either (1) mistakenly believed that the man signing the form was the child's only possible biological father, or (2) knew that another man could possibly be the child's biological father, yet still

---

[2]Nothing in the statute's language prevents a third party from challenging a VAP's validity on the same grounds.

Further, NRS 126.161(1) states that "[a] judgment or order of a court, or a judgment or order entered pursuant to an expedited process, determining the existence or nonexistence of the relationship of parent and child is determinative for all purposes." NRS 126.161(6) further states that the term "expedited process" includes VAPs. Accordingly, when a VAP is invalidated pursuant to NRS 126.053(3), it no longer has the legal effect of a court order and is no longer "determinative" under NRS 126.161(1).

signed the VAP.[3]  In either case, when a genetic test establishes that a third-party is the child's biological father, the obviously incorrect declarations in the VAP form cannot control the designation of paternity. Once the VAP has been invalidated, the district court is free to consider the totality of the circumstances to determine paternity based on the presumptions of paternity in NRS 126.051 and the best interest of the child.[4]

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

---

[3]This legal conclusion only applies when a third-party putative father uses a genetic test to challenge another man's VAP based on material mistake of fact or fraud under NRS 126.053(3).  This conclusion does not alter our recent holding in *St. Mary v. Damon*, 129 Nev., Adv. Op. 68, 309 P.3d 1027, 1032 (2013), that nonbiological factors can be important in determining parentage under NRS Chapter 126.

[4]This legal conclusion does not change the fact that under current law, a third party may challenge the validity of a VAP based on fraud or mistake of fact years after the VAP was signed and they could introduce a valid genetic test to support their challenge.  We would merely hold that the conclusive legal presumption of paternity resulting from a valid genetic test under NRS 126.051 is sufficient to invalidate a signed VAP under NRS 126.053(3).  Thereafter, the court is still free to consider the totality of the circumstances based on the presumptions of paternity in NRS 126.051 and the best interest of the child in making its determinations.