# IN THE SUPREME COURT OF THE STATE OF NEVADA

JERRY HOLMAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 69223

FILED

APR 26 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ___S.Young___
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon and conspiracy to commit murder. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant Jerry Holman was arrested and charged for the stabbing of Nigel Hewitt II, based on eye-witness accounts and cell-phone video that put him at the scene. During their investigation, detectives recovered a white tank top near the scene, which witnesses testified Holman was wearing, and a knife in Holman's home. A DNA examiner testified at trial that Holman's DNA was not found on these items. Also at trial, the district court admitted 40 autopsy photos during the medical examiner's testimony. Holman was found guilty and now appeals his conviction.

Holman argues there was insufficient evidence to find him guilty of first-degree murder because the knife and tank top lacked conclusive DNA, and the cell-phone video lacked a clear picture. We disagree. Holman does not claim that the State failed to present sufficient evidence of any element of the offense, but rather challenges the quality of the evidence produced at trial. Questions regarding the weight to be assigned to the evidence, and the inferences to be drawn, however, are

reserved to the jury. *Adler v. State*, 95 Nev. 339, 344, 594 P.2d 725, 729 (1979).

Additionally, a review of the record on appeal reveals sufficient evidence, as a whole, to establish guilt beyond a reasonable doubt, as determined by any rational trier of fact viewing the evidence in the light most favorable to the State. *See Brass v. State*, 128 Nev. 748, 754, 291 P.3d 145, 149-50 (2012); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Notably, there was no objection below to the introduction of the knife, tank top, or cell-phone video and video stills. While Holman's DNA was not found on the knife or tank top, the knife was found in Holman's apartment and there was testimony that Holman was wearing the tank top. The DNA examiner testified as to why Holman's DNA may not have been found on either item, and the jury was free to consider her testimony and evaluate her credibility. *See Clancy v. State*, 129 Nev. 840, 848, 313 P.3d 226, 231 (2013) ("This court will not reweigh the evidence or evaluate the credibility of witnesses because that is the responsibility of the trier of fact." (internal quotation marks omitted)). Moreover, the eye witness who recorded the altercation testified it was Holman in the cell-phone video, which was played for the jury. As such, we conclude there is

substantial evidence to support the jury's verdict. Accordingly, we

ORDER the judgment of conviction AFFIRMED.[1]

_Douglas_____, J.
Douglas

_Gibbons_____, J.
Gibbons

_Pickering_____, J.
Pickering

cc:    Hon. Stefany Miley, District Judge
       Mace J. Yampolsky, Ltd.
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[1]Holman also argues he is entitled to a new trial because the admitted autopsy photos were unnecessarily gruesome, cumulative, and unduly prejudicial, and that cumulative error warrants reversal. However, Holman did not object to the admission of these photos at trial, nor did he include them in the record on appeal. _See, e.g., Carson Ready Mix, Inc. v. First Nat'l Bank of Nev._, 97 Nev. 474, 476, 635 P.2d 276, 277 (1981) ("We cannot consider matters not properly appearing in the record on appeal."). Thus, we have considered Holman's additional arguments and conclude they are without merit.