# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF: I.M. AND J.M.,
MINORS UNDER 18 YEARS OF AGE.

DEANDRE M.,
Appellant,
vs.
CLARK COUNTY DEPARTMENT OF
FAMILY SERVICES; I.M.; AND J.M.,
Respondents.

No. 71129

FILED

JUN 15 2017

CLERK OF SUPREME COURT
BY

## ORDER OF AFFIRMANCE

This is an appeal from a district court order terminating appellant's parental rights as to two minor children. Eighth Judicial District Court, Family Court Division, Clark County; Robert Teuton, Judge.

To terminate parental rights, the district court must find clear and convincing evidence that (1) at least one ground of parental fault exists, and (2) termination is in the children's best interests. NRS 128.105(1); *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). Evidence of parental fault may include parental unfitness, failure of parental adjustment, a risk of serious physical or emotional injury to the children if the children are returned to the parent, and demonstration of only token efforts. NRS 128.105(1)(b). On appeal, this court reviews questions of law de novo and the district court's factual findings for substantial evidence. *In re Parental Rights as to A.L.*, 130 Nev., Adv. Op. 91, 337 P.3d 758, 761 (2014).

Appellant argues that substantial evidence does not support the district court's findings of parental fault because he had previously complied with his case plan, he was prevented from completing the family drug court program because of an injury, he visited the children, and he

17-19865

was forced to be homeless in order to visit the children because he could not obtain in-state housing. He also contends that he rebutted the NRS 128.109 presumptions by complying with his case plan when he was not homeless or injured.[1]

Having reviewed the record, we conclude that substantial evidence supports the district court's parental fault findings that appellant is an unfit parent, failed to adjust the circumstances that led to the children's removal, and demonstrated only token efforts.[2] *See* NRS 128.105(1)(b)(3)-(4), (6)(III). A parent is unfit when "by reason of the parent's fault or habit or conduct toward the child or other persons, [the parent] fails to provide such child with proper care, guidance and support." NRS 128.018. "What constitutes being unfit can vary from case to case but generally includes continued drug use, criminal activity, domestic violence, or an overall inability to provide for the child's physical, mental or emotional health and development." *In re Parental Rights as to*

_____

[1]Appellant also argues that the district court should not have applied the NRS 128.109 presumptions without first considering whether a civil action filed by the children's mother hindered reunification and that the district court erred in striking evidence regarding the civil action. The record on appeal, however, does not demonstrate that appellant sought to admit such evidence or that the district court struck such evidence in the underlying termination case. *See Carson Ready Mix, Inc. v. First Nat'l Bank of Nev.*, 97 Nev. 474, 476, 635 P.2d 276, 277 (1981) (explaining that this court cannot consider matters that do not properly appear in the record on appeal and recognizing that appellant is responsible for making an adequate appellate record).

[2]Appellant does not challenge the district court's finding that there was a risk of serious physical or emotional injury to the children if the children were returned to his care, NRS 128.105(1)(b)(5). Because only one parental fault finding is necessary, *see* NRS 128.105(1)(b) (requiring a finding of at least one ground of parental fault), we could affirm on this parental fault finding alone as appellant has waived any challenge to it.

*N.J.*, 125 Nev. 835, 845, 221 P.3d 1255, 1262 (2009) (internal quotations omitted). Failure of parental adjustment occurs when a parent is unable or unwilling within a reasonable time to substantially correct the circumstances which led to the removal of the child. NRS 128.0126. When a child has been out of the parent's care for 14 months of any 20 consecutive months, it is presumed that the parent has demonstrated only token efforts to care for the child. NRS 128.109(1)(a).

At the time of the termination trial, the oldest child had been out of appellant's care for 44 consecutive months and the youngest child had been out of his care for 28 consecutive months. The children were both removed shortly after their birth because they were both born drug-exposed and their older half-sibling was already in protective custody as a result of appellant's domestic violence against their mother, which occurred while he was intoxicated. The record demonstrates that at the time of the trial appellant continued to abuse alcohol and did not acknowledge a reason to cease drinking alcohol or acknowledge that his alcohol use would place the children at risk if they were in his care. *See* NRS 128.106(1)(d) (requiring a court to consider a parent's excessive use of alcohol that renders the parent consistently unable to care for the child when determining unfitness). While at one point in time, appellant had complied with the requirements of his case plan, his subsequent behavior demonstrated that his compliance did not lead to a behavioral change as he has since continued to abuse alcohol. *See In re Parental Rights as to A.P.M.*, 131 Nev., Adv. Op. 66, 356 P.3d 499, 503-05 (2015) (recognizing that technical case plan completion does not prevent termination if there is evidence the parent has not learned the lessons proffered by the case plan). Since his relapse, appellant has failed to complete a substance abuse treatment program. While he argues that an injury he suffered

prevented him from completing that program because he could not walk to his appointments, he acknowledged that he could obtain bus passes from respondent and that on numerous occasions he sold his bus passes instead of utilizing them. Thus, substantial evidence supports the district court's finding that appellant is an unfit parent, has failed to adjust the circumstances that led to the children's removal, and has only made token efforts to avoid being an unfit parent.

We further conclude that substantial evidence supports the district court's finding that termination of appellant's parental rights are in the children's best interests. Appellant failed to rebut the presumption that because the children have resided outside of his care for 14 of 20 consecutive months, termination was in their best interests. NRS 128.109(2). Further, termination enables the children to be adopted as a sibling group with their older half-sibling. For the reasons set forth above, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Robert Teuton, District Judge, Family Court Division
Law Office of Kristina Wildeveld
Lewis Roca Rothgerber Christie LLP/Las Vegas
Thorndal Armstrong Delk Balkenbush & Eisinger/Reno
Clark County District Attorney/Juvenile Division
Eighth District Court Clerk