# IN THE SUPREME COURT OF THE STATE OF NEVADA

COMPLETE CARE MEDICAL CENTER, A NEVADA BUSINESS ENTITY, Appellant,
vs.
AMELIA BECKSTEAD, AN INDIVIDUAL; AND LISA DERRWALDT, AN INDIVIDUAL, Respondents.

No. 75908

**FILED**

APR 0 9 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

## ORDER VACATING IN PART AND REMANDING

This is an appeal from a final judgment following a three-day bench trial and a hearing on a post-judgment motion in an employment discrimination case, after which the district court awarded respondents Amelia Beckstead and Lisa Derrwaldt eight years of back pay ($331,425.00 and $381,106.00, respectively) in damages. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge. These awards were nearly double the amounts that respondents calculated and claimed pretrial.

Though appellant, Complete Care Medical Center, had raised respondents' duty to mitigate their damages as an affirmative defense in its answer, and again at trial, the district court did not address mitigation in its oral ruling or its written order. A panel of this court originally issued an order resolving this matter and affirming the substantial back pay awards. *Complete Care Med. Ctr. v. Beckstead*, Docket No. 75908, 2020 WL 3603881, 466 P.3d 538 (Nev. July 1, 2020). We granted Complete Care's petition for en banc reconsideration of that decision solely as to the mitigation of damages issue. NRAP 40A(f).

The limited grant of en banc reconsideration leaves undisturbed the district court's finding of unlawful employment discrimination, which

21-10288

the panel affirmed. However, the record contains substantial evidence supporting Complete Care's claim that, after the births of their children, respondents voluntarily withdrew from the workforce despite one of them finding substantially similar work, which she then left to stay home with her child. If credited, this evidence—which includes the respondents' testimony at trial—supports deductions from, or tolling of, any back pay awards for the time periods that each voluntarily chose to stay home. *See* 42 U.S.C. § 2000e-5(g)(1) ("Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable."); *Beales v. Hillhaven, Inc.*, 108 Nev. 96, 101, 825 P.2d 212, 215 (1992) (holding that an employee's duty to mitigate damages includes the "duty to seek and maintain subsequent employment").

"Many courts have wrestled with the question what constitute[d] a voluntary removal from the labor market" under similar factual circumstances. Donald T. Kramer, Annotation, *Period of Time Covered by Back Pay Award Under Title VII of Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq.*, 137 A.L.R. Fed. 1 § 23(a) (1997). However, our review of any such context is constrained by the district court's awards of eight years of back pay without supporting analysis or findings regarding respondents' mitigation efforts. Accordingly, while the back pay awards would ordinarily be subject to a deferential abuse of discretion standard, *Sangster v. United Air Lines, Inc.*, 633 F.2d 864, 867 (9th Cir. 1980), this manifestly deficient order amounts to legal error. *Davis v. Ewalefo*, 131 Nev. 445, 450, 352 P.3d 1139, 1142 (2015) (reversing an award of custody based on a lack of supporting reasoning by the district court and noting that "[d]eference is not owed to legal error or to findings so conclusory they mask

SUPREME COURT
OF
NEVADA

(O) 1947A

legal error") (citations omitted). We therefore vacate the district court's back pay awards and remand for further proceedings to address mitigation and recalculate damages as appropriate.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:    Hon. Nancy L. Allf, District Judge
Stephen E. Haberfeld, Settlement Judge
Law Office of Daniel Marks
Cohen Johnson Parker Edwards
Eighth District Court Clerk

SILVER, J., with whom STIGLICH, J. agrees, dissenting:

Complete Care specifically challenges the district court's calculations of the plaintiffs' respective back pay awards. However, at the conclusion of the bench trial, the district court orally pronounced those amounts on the record after referencing Beckstead's trial brief, which Complete Care failed to include in the record before this court. "It is the responsibility of appellant to make an adequate appellate record." *Carson Ready Mix, Inc. v. First Nat'l Bank of Nev.*, 97 Nev. 474, 476, 635 P.2d 276, 277 (1981); *see also Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007) ("[T]his court has made it clear that appellants are responsible for making an adequate appellate record."). "When an appellant fails to include necessary documentation in the record, [this court] necessarily presume[s] that the missing portion supports the district court's decision." *Cuzze*, 123 Nev. at 603, 172 P.3d at 135.

Accordingly, I respectfully dissent because this court presumes that the missing trial brief supports the district court's award of back pay in this case. *Cf. Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1020 (9th Cir. 2000) (noting that "there is a presumption in favor of back pay awards"). On that basis, I reject Complete Care's related arguments and would affirm the district court's judgment.

_____, J.
Silver

I concur:

_____, J.
Stiglich

SUPREME COURT
OF
NEVADA

(O) 1947A