# IN THE SUPREME COURT OF THE STATE OF NEVADA

ALBEMARLE U.S., INC., A DELAWARE CORPORATION AUTHORIZED TO DO BUSINESS IN THE STATE OF NEVADA; AND ITS PARENT CORPORATION, ALBEMARLE CORPORATION, A VIRGINIA CORPORATION,
Appellants,
vs.
JASON KING, P.E., NEVADA STATE ENGINEER, DEPARTMENT OF CONSERVATION AND NATURAL RESOURCES, STATE OF NEVADA; ESMERALDA MINERALS, LLC, A NEVADA CORPORATION; AND ITS PARENT COMPANY, PURE ENERGY MINERALS, LTD.,
Respondents.

No. 81886

FILED

MAY 1 8 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying consolidated petitions for judicial review of decisions by the State Engineer. Fifth Judicial District Court, Esmeralda County; Steven R. Kosach, Judge.

This appeal involves two decisions by respondent State Engineer Jason King, granting a well waiver and extension thereof for two wells in the Clayton Valley Hydrographic Basin in Esmeralda County, CV-

22-15771

7 and CV-8.[1] Respondents, Esmeralda Minerals, LLC and its parent company, Pure Energy, LTD. (collectively "Pure Energy"), applied for the waiver and extension. Appellants Albemarle U.S., Inc. and its parent corporation Albemarle Corporation (collectively "Albemarle") filed petitions for judicial review challenging the State Engineer's decisions, which the district court consolidated and denied.[2]

When a State Engineer's decision is reviewed, the decision "is prima facie correct, and the burden of proof is upon the party attacking" it. NRS 533.450(10); *see also Office of State Eng'r v. Morris*, 107 Nev. 699, 701, 819 P.2d 203, 205 (1991) ("[D]ecisions of the State Engineer are presumed to be correct upon judicial review."). However, "[i]n the context of an appeal from a district court order denying a petition for judicial review of a decision made by the State Engineer, this court has the authority to undertake an independent review of the State Engineer's statutory construction, without deference to the State Engineer's determination." *Andersen Family Assocs. v. Hugh Ricci, P.E.*, 124 Nev. 182, 186, 179 P.3d 1201, 1203 (2008). Typically, the State Engineer's "factual determinations will not be disturbed" by the reviewing court on a petition for judicial review as long as they are "supported by substantial evidence." *Pyramid Lake Paiute Tribe of Indians v. Washoe Cty.*, 112 Nev. 743, 751, 918 P.2d 697, 702 (1996).

---

[1] We recount the facts only as necessary for our disposition.

[2] Albemarle has filed two subsequent petitions for judicial review, *Albemarle U.S., Inc. v. Wilson*, Case No. CV-19-5113, and *Albemarle U.S., Inc. v. Sullivan*, CV-20-5121. A stipulation for intervention in both cases was filed on January 27, 2021, and no subsequent hearings have been scheduled.

At the outset, we conclude that the reference to NAC 534.441 in the waiver and its extension appears to be an oversight rather than an intentional reliance on the wrong regulation. Although NAC 534.441 was cited, this clearly was a waiver and extension for an existing well, and thus NAC 534.449, which applies to existing wells, was the intended regulation, as NAC 534.441 only applies to new wells.[3]

Moreover, the record supports a decision to grant the waiver under NAC 534.449. When he made his decision, the State Engineer possessed the statutorily required form request for the wells, information on the well locations, the well diagrams describing CV-7 and CV-8's construction, well drilling reports from the licensed well driller on the project, and affidavits regarding the parties responsible for CV-7 and CV-8. Pure Energy provided reasons for why it believed that the wells would be useful to monitor the groundwater, which the State Engineer decided constituted good cause. Given the deference that the State Engineer is afforded under NRS 534.060(7), we will not disturb his decision. We further conclude that CV-7 and CV-8's construction and parameters, and any alleged noncompliance with the regulations Albemarle raises, did not affect the State Engineer's authority to grant the waivers under NAC 534.449 and

---

[3]NAC 534.441 and NAC 534.449 were both amended in 2020. *See* Approved Regulation of the State Eng'r, LCB File No. R068-20, 12-29-2020; Approved Regulation of the State Eng'r, LCB File No. R068-20, 12-29-2020. We apply the versions that were in effect during the relevant timeframe.

NRS 534.060(7), and thus he appropriately did so.[4]  Accordingly, we

ORDER the judgment of the district court AFFIRMED.[5]

_____, C.J.
Parraguirre

_____, J.          _____, J.
Hardesty                              Stiglich

_____, J.          _____, J.
Cadish                                Silver

_____, J.          _____, J.
Pickering                             Herndon

---

[4]The instant action and the prior settlement that Pure Energy and Albemarle reference are not "based on the same claims or any part of them that were or could have been brought in the first action," *Weddell v. Sharp*, 131 Nev. 233, 235, 242, 350 P.3d 80, 81, 86 (2015), nor are the issues in the two cases identical, *see also, Alcantara ex rel. Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev. 252, 258-60, 321 P.3d 912, 916-17 (2014) (discussing the first element of the doctrine of issue preclusion), so there is no claim or issue preclusion.  Pure Energy also argues that Albemarle is judicially estopped from arguing that CV-7 and CV-8 should be plugged, however in making this argument it relies upon a transcript that this court refused to take judicial notice of, which is not included in the record on appeal, therefore this argument lacks merit.  *Carson Ready Mix, Inc. v. First Nat'l Bank of Nev.*, 97 Nev. 474, 476, 635 P.2d 276, 277 (1981) ("We cannot consider matters not properly appearing in the record on appeal.").

[5]To the extent the parties' additional arguments are not addressed herein, we conclude they do not warrant a different result.

cc: Chief Judge, The Fifth Judicial District Court
Hon. Steven R. Kosach, Senior Judge
Madelyn Shipman, Settlement Judge
Squire Patton Boggs LLP
Brownstein Hyatt Farber Schreck, LLP/Reno
Brownstein Hyatt Farber Schreck, LLP/Las Vegas
Attorney General/Carson City
Taggart & Taggart, Ltd.
Esmeralda County Clerk