IN THE SUPREME COURT OF THE STATE OF NEVADA

BANK OF AMERICA, N.A.,
SUCCESSOR BY MERGER TO BAC
HOME LOANS SERVICING, LP, F/K/A
COUNTRYWIDE HOME LOANS
SERVICING, LP,
Appellant,
vs.
DOREEN PROPERTIES, LLC; AND
SIERRA RANCH HOMEOWNERS
ASSOCIATION,
Respondents.

No. 78844

FILED

JUN 30 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _S. Young_
DEPUTY CLERK

*ORDER AFFIRMING IN PART,
REVERSING IN PART, AND REMANDING*

This is an appeal from a final judgment following a bench trial in an action to quiet title. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.[1]

Having considered the parties' arguments and the record, we perceive no reversible error in the district court's determination that respondent Sierra Ranch Homeowners Association's foreclosure sale extinguished appellant's deed of trust. *Cf. Wells Fargo Bank, N.A. v. Radecki*, 134 Nev. 619, 621, 426 P.3d 593, 596 (2018) (reviewing a district court's factual findings following a bench trial for substantial evidence and its legal conclusions de novo). In particular, the district court correctly concluded that Miles Bauer's December 2011 letter to Sierra Ranch's agent (Leach Johnson) offering to pay the yet-to-be-determined superpriority amount was not sufficient to constitute a valid tender. *See 7510 Perla Del Mar Ave. Tr. v. Bank of Am., N.A.*, 136 Nev., Adv. Op. 6, 458 P.3d 348, 349

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-24225

(2020) ("[A]n offer to pay the superpriority amount in the future, once that amount is determined, does not constitute a tender sufficient to preserve the first deed of trust . . . ."). Nor are we persuaded that the district court clearly erred in finding that the evidence introduced at trial did not establish that Leach Johnson had a known policy of rejecting superpriority tenders such that formal tender should have been excused. *See id.* ("[F]ormal tender is excused when evidence shows that the party entitled to payment had a known policy of rejecting such payments."). While Rock Jung's testimony arguably establishes such a policy, it was reasonable for the district court to conclude based upon John Leach's testimony and Leach Johnson's letters from other cases that no such policy existed.[2] *Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012) ("Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion." (internal quotation marks omitted)).

Nor are we persuaded by appellant's argument that tender should be excused because Leach Johnson prevented Miles Bauer from ascertaining the superpriority amount. The record indicates that in addition to obtaining homeowner authorization, Miles Bauer could have ascertained the superpriority amount in other ways. In particular, the June 2011 notice of delinquent assessment, which was referenced in both the

---

[2]We decline to consider appellant's arguments that are based on a brief filed by Leach Johnson in a different district court case that was not admitted into evidence in this case and was not otherwise part of the record. *Carson Ready Mix, Inc. v. First Nat'l Bank of Nev.*, 97 Nev. 474, 476, 635 P.2d 276, 277 (1981) ("We cannot consider matters not properly appearing in the record on appeal."). Similarly, although appellant argues that Leach Johnson would have rejected a superpriority tender that was accompanied by Miles Bauer's typical letter, appellant was free to question Mr. Leach on that issue at trial and did not do so.

SUPREME COURT
OF
NEVADA

(O) 1947A

ensuing notice of default and notice of sale, stated that Sierra Ranch's monthly assessments were $135. Additionally, Mark Stone testified that the HOA's management company, if asked, would provide the HOA's monthly assessment amount.[3] *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (recognizing that this court may affirm the district court on any ground supported by the record, even if not relied upon by the district court).

Appellant next contends that the former homeowners made payments on their outstanding assessments sufficient to satisfy the superpriority portion of Sierra Ranch's lien. Even assuming Leach Johnson's January 2010 letter satisfied NRS 116.31162(1)(a) (2005)'s requirements for a notice of delinquent assessment, nothing prohibited Leach Johnson or Sierra Ranch from restarting the foreclosure process by sending a new notice of delinquent assessment in June 2011. *See Prop. Plus Invs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 133 Nev. 462, 466-67, 401 P.3d 728, 731-32 (2017) (observing that an HOA may restart the foreclosure process in order to enforce a second superpriority lien); *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.*, 133 Nev. 21, 25-26, 388 P.3d 226, 231 (2017) (recognizing that under the pre-2015 version of NRS 116.3116, serving a notice of delinquent assessments constitutes institution of an action to enforce the lien). Accordingly, a second superpriority default existed at the time of the June 2011 notice of delinquent assessment that the homeowners did not cure.

Appellant additionally contends that the district court should have set aside the sale based on equitable grounds. *Cf. Nationstar Mortg.,*

---

[3]Or Miles Bauer could have asked Sierra Ranch to inspect its books and records pursuant to the CC&Rs that appellant is relying upon in this litigation.

*LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev. 740, 748-50, 405 P.3d 641, 647-49 (2017) (discussing cases and reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale absent evidence of "fraud, unfairness, or oppression"). As evidence of unfairness, appellant points to letters sent by Leach Johnson in other cases representing that an HOA foreclosure sale would not affect the first deed of trust. However, as appellant argued at trial, Leach Johnson sent at least one of these letters *before* Miles Bauer sent its December 2011 letter asking for a superiority payoff amount. If Miles Bauer truly relied on those letters in the manner in which appellant is now contending, Miles Bauer would not have continued to ask for superpriority payoffs. Nor are we persuaded that unfairness exists by virtue of Leach Johnson requiring Miles Bauer to obtain homeowner authorization. As indicated above, Miles Bauer had other ways to obtain the superpriority amount. Accordingly, the district court did not clearly err in determining that there were no equitable grounds to justify setting aside the sale. We therefore affirm the district court's judgment insofar as it held that the foreclosure sale extinguished appellant's deed of trust.

Appellant next contends that the district court erroneously granted summary judgment in favor of Sierra Ranch on appellant's cross-claims for wrongful foreclosure, tortious interference with contractual relations, and breach of NRS 116.1113. Appellant also contends that the district court erroneously dismissed its cross-claim against Sierra Ranch for unjust enrichment. We affirm the district court's summary judgment on appellants' wrongful foreclosure, tortious interference, and NRS 116.1113 claims. Because the superpriority portion of Sierra Ranch's lien was in default at the time of the foreclosure sale, the foreclosure was not wrongful. *See Collins v. Union Fed. Savings & Loan Ass'n*, 99 Nev. 284, 304, 662 P.2d

610, 623 (1983) ("[T]he material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised."). And foreclosing on a statutory lien that the Legislature has given priority over a first deed of trust does not demonstrate tortious interference with appellants' deed of trust. *See J.J. Indus., LLC v. Bennett*, 119 Nev. 269, 274, 71 P.3d 1264, 1267 (2003) (listing as one of the elements of a tortious interference claim "an intentional act[ ] intended or designed to disrupt the contractual relationship"). Although appellant argues that "Leach Johnson would have rejected the tender if it conditioned acceptance on the satisfaction of the superpriority portion of the HOA's lien," appellant did not produce any such evidence when it opposed Sierra Ranch's summary judgment motion.[4] Summary judgment was similarly proper on appellant's NRS 116.1113 claim because that claim was premised on Leach Johnson having rejected Miles Bauer's offer to tender and refusing to provide Miles Bauer with a superpriority payoff, but as noted, appellant presented no evidence in conjunction with its summary judgment opposition that Leach Johnson would have rejected a superpriority tender, and Leach Johnson did not outright refuse to provide Miles Bauer with a superpriority payoff.[5]

However, we reverse the district court's dismissal of appellant's unjust enrichment claim, as appellant sufficiently alleged that it may be entitled to any excess proceeds from the foreclosure sale after allowable fees were paid and Sierra Ranch's lien was satisfied. NRS 116.31164(3)(c)

---

[4]Appellant's opening brief cites to its summary judgment opposition, which in turn references deposition testimony from Mr. Leach in two other cases. The cited portions of his testimony from those cases have nothing to do with whether Leach Johnson would have rejected a superpriority tender.

[5]If Miles Bauer were asking to inspect Sierra Ranch's books and records pursuant to the CC&Rs, its December 2011 letter to Leach Johnson presumably would have referenced the CC&Rs.

(2005); *see SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 743, 334 P.3d 408, 409 (2014) (explaining that the superpriority portion of an HOA's lien is superior to the first deed of trust but that the first deed of trust is superior to the remaining portion of the HOA's lien). Consistent with the foregoing, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART, AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.          _____, J.
Hardesty                                         Cadish

cc:   Hon. Timothy C. Williams, District Judge
      Michael H. Singer, Settlement Judge
      Akerman LLP/Las Vegas
      Hong & Hong
      Leach Kern Gruchow Anderson Song/Las Vegas
      Eighth District Court Clerk